HENRY L. BASSETT *vs.* CONNECTICUT RIVER RAILROAD
COMPANY.

Hampden.    Sept. 27, 28. — Oct. 20, 1887.    C. ALLEN & HOLMES, JJ.,
absent.

The Pub. Sts. c. 112, § 214, providing that a railroad corporation shall be respon-
sible in damages to a person whose buildings or other property may be injured
by fire communicated by its locomotive engines, do not apply to goods delivered
to a railroad corporation as a carrier, and in its custody as a warehouseman, at
the time of such a fire.

TORT, under the Pub. Sts. *c.* 112, § 214,* for loss of the plain-
tiff's goods by fire communicated by a locomotive engine of the
defendant.    The case was submitted to the Superior Court, and,
after judgment for the defendant, to this court, on appeal, upon
agreed facts, in substance as follows :

The defendant owns and operates a railroad in this Common-
wealth.    On March 30, 1887, the freight depot of the defendant .
at Chicopee was destroyed by fire.    The fire was caused by
sparks from the defendant's locomotive engine, which set fire to
bales of cotton standing on the platform of said depot.

The fire thus kindled was communicated directly to said build-
ing, which was destroyed, with its contents, including the goods
of the plaintiff, which consisted of numerous articles of house-
hold furniture and clothing for himself and family.    The prop-
erty of the plaintiff had been placed on board the cars at
Providence, Rhode Island, where he had formerly lived, for
transportation to Chicopee, where he had gone to live.    The
goods were all properly packed in seventy-seven different pack-
ages, and carefully covered, so as to protect them against the
ordinary hazards to which such ⸗goods are liable.    The goods
arrived at Chicopee on the defendant's railroad, in due course
and time, on Saturday, March 26, and were taken from the

---

* This section is as follows :  " Every railroad corporation and street
railway company shall be responsible in damages to a person or corporation
whose buildings or other property may be injured by fire communicated by
its locomotive engines, and shall have an insurable interest in the property
upon its route for which it may be so held responsible, and may procure
insurance thereon in its own behalf."

cars on the afternoon of that day by the servants of the defendant, and by them placed in said freight depot, where they remained until the building and the goods were destroyed by the fire, as above stated.

Some time during the day on which the goods arrived at . Chicopee, a teamster, not in the employ of the defendant corporation, nor under the direction or control of its agent at Chicopee, nor at the request or suggestion of such agent, told the plaintiff that some goods had arrived at said depot, which were directed to the plaintiff, and solicited the job of carrying the goods whenever the plaintiff was ready to have them removed. The plaintiff had no other information of the arrival of the goods, and was not asked or notified to remove the same.

All these goods were shipped and arrived at one time, and the plaintiff had no other goods in course of transportation for Chicopee.

*L. White*, for the plaintiff.

*G. Wells*, (*G. M. Stearns* with him,) for the defendant.

KNOWLTON, J.    The plaintiff lost his goods by fire in the defendant's freight-house, and he seeks to recover their value under the Pub. Sts. c. 112, § 214. The statute invoked is remedial, and has been liberally construed in favor of those for whose benefit it was enacted. The decisions indicate that it applies to property of every kind, and in any place where fire may be communicated by a locomotive engine. *Hart* v. *Western Railroad*, 13 Met. 99. *Lyman* v. *Boston & Worcester Railroad*, 4 Cush. 288. *Trask* v. *Hartford & New Haven Railroad*, 16 Gray, 71. *Ross* v. *Boston & Worcester Railroad*, 6 Allen, 87. *Quigley* v. *Stockbridge & Pittsfield Railroad*, 8 Allen, 438. But it has never been held that it includes within its provisions articles placed in the possession of a railroad corporation by their owner under a contract which fully covers the rights and liabilities of both parties regarding them. When parties see fit to stipulate what their relations shall be touching any matter, their stipulations fix their rights and liabilities, and exclude what is not fairly included in them. The statute referred to gives protection to owners of property who have made no arrangement with the railroad corporation about it. It was not intended to prevent the making of contracts by property owners with railroad

corporations, determining their respective rights and duties in relation to particular property, or to apply to cases where such contracts have been made. Nor is there any difference in this regard between express and implied contracts. If a railroad corporation and an owner of land or personal property make an arrangement about it from which the law implies a contract broad enough to cover the subject of liability for loss or injury, this contract, implied from their voluntary act, fixes their rights, and excludes the provisions of a statute intended for cases not covered by a contract.

The plaintiff had employed the defendant as a common carrier to transport his goods to Chicopee. He voluntarily entered into an arrangement which involved the subject of the defendant's liability for loss of the property, or injury to it from any cause, and which determined his rights as definitely, under the contract implied by law, as if the parties had written out and signed stipulations in detail. The defendant was bound to carry the goods, and was an insurer of them until the transit ended, and was then liable as a warehouseman for any want of ordinary care during such reasonable time as they should remain in its custody awaiting the call of the consignee. This was the extent of its liability. In the language of Chief Justice Shaw, such an arrangement "we consider to be one entire contract for hire ; and although there is no separate charge for storage, yet the freight to be paid, fixed by the company, as a compensation for the whole service, is paid as well for the temporary storage, as for the carriage." *Norway Plains Co.* v. *Boston & Maine Railroad,* 1 Gray, 263, 272. The goods having been destroyed while in the possession of the defendant under this contract, the plaintiff must seek his remedy under it, and the statute referred to does not apply.                                   *Judgment affirmed.*