## ALDACE F. WALKER *et al.* v. EIKLEBERRY.

(Filed July 30, 1898.)

1. WAREHOUSEMEN—*Liability of.* A warehouseman or depositary of goods for hire is responsible only for negligence or want of ordinary care, and is not liable for their destruction by fire, where it is admitted that the goods were destroyed without negligence, or want of care on the part of the warehouseman or depositary, occasioning such fire.

2. RAILROAD CORPORATION—*Damages by Fire—Liability.* A railroad corporation is not liable, under chapter 37, Gen. St. 1893, which provides that "any railroad company operating any line in this Territory shall be liable for all damages sustained by fire originating from operating their road," for goods destroyed by fire while in its possession as warehouseman or depositary. The statute does not include within its provisions, property in the possession of the company under express contract with the owner, or under the implied contract arising by law from the voluntary acts of the parties. It does not include any property in regard to which the company occupies a contractual relation, either by express agreement or by implication of law.

(Syllabus by the Court.)

*Error from the Probate Court of Woods County; before James Walker, Probate Judge.*

*Henry E. Asp, John W. Shartel* and *J. R. Cottingham,* for plaitiffs in error.

*F. M. Cowgill,* for defendant in error.

Action by one Eikleberry against Aldace F. Walker and J. J. McCook, receivers of the Atchison, Topeka & Santa Fe Railroad company. Judgment for plaintiff, and defendants bring error. Reversed and dismissed.

Opinion of the court by

TARSNEY, J.: This action was commenced in the probate court of Woods county against Aldace F. Walker

and John J. McCook, as receivers of the Atchison, Topeka & Santa Fe Railroad company, for goods of the defendant in error, valued at $246.50, destroyed by fire in the warehouse of plaintiffs in error at Waynoka, Woods county, Oklahoma, after being shipped over plaintiffs in error's line of railway, and deposited in said warehouse, at the request of the consignee. The case was tried upon an agreed statement of facts, in which it was admitted by the parties that on the night of March 9, 1895, the depot of plaintiffs in error at Waynoka took fire, and was burned to the ground, and completely destroyed, and all of the said goods of said defendant in error were consumed in said fire; that said fire was communicated to said depot by a spark emitted from a locomotive engine of plaintiffs in error attached to one of their passing trains; that said locomotive engine, at the time said spark of fire was emitted therefrom which ignited said depot, was in good condition, and was equipped with the latest and most approved apparatus for the prevention of sparks and fire; that the employees of plaintiffs in error in charge thereof were skillful and competent; that the plaintiffs in error, nor any of their servants or employees, were in any way negligent in permitting, or causing, or allowing the escape of the sparks from said engine which set fire to said depot at said time.

It is admitted in the brief of defendant in error that the plaintiffs in error, at the time of the destruction of said goods, occupied the relation thereto of a warehouseman, and that their liability for the loss of said goods, if any, was that of warehouseman, unless said plaintiffs in error be liable on the fact stated by reason of the pro-

vision of chapter 37 of the Statutes of Oklahoma of 1893.

The authorities are without conflict in support of the proposition that at the common law a warehouseman was not liable as an insurer of the goods deposited, but was only liable for negligence or want of ordinary care in keeping and caring for deposits; and, if goods deposited were stolen or lost, there must be some evidence of negligence or want of ordinary care on the part of the warehouseman; some dereliction of duty on his part in relation to the goods in order to make him liable to the owner for their loss. Our statutes (Laws 1893, sec. 512,) provide: "In respect to any service rendered by a common carrier about freight, other than its carriage and delivery, his rights and obligations are defined by the chapters on deposits and service." The chapter of the statute on deposits divides deposits into gratuitous deposits and a depositary for hire. Section 9 of article 2 of said chapter, being chapter 30, Laws 1893, reads: "Gratuitous deposit is a deposit for which the depositary receives no consideration beyond the mere possession of the thing deposited." Section 11 of said article reads: "A gratuitous depositary must use at least slight care for the preservation of the thing deposited." Section 13 of said article: "A deposit not gratuitous is called storage. The depositary in such case is called a depositary for hire." And section 14 of said article provides: 'A depositary for hire must use at least ordinary care for the preservation of the thing deposited."

It may therefore be readily seen that our statute relating to deposits and depositaries, which takes the place of the common law relating to warehousemen, does not change the rule of liability, and under those statutes the depositary is only liable for his failure to exercise

ordinary care for the safety and preservation of goods deposited. There is no question of negligence or the want of proper care in this case. Such negligence or the want of proper care is neither alleged nor shown. On the contrary, the agreed statement of facts admits that there was no negligence or want of proper care on the part of plaintiffs in error occasioning the loss of the goods sued for. Hence the plaintiffs in error cannot be charged for the loss of said goods because of their responsibilities under their implied contract as warehousemen at the common law, or as depositaries under the statute; nor can they be held liable for the loss of these goods under chapter 37 of the statutes of 1893, which provides that: "Any railroad company operating any line in this Territory shall be liable for all damages sustained by fire originating from operating their road."

While it has been held by this court, in *Railroad Co. v. Alexander*, this volume, p. 579, 52 Pac. 944, that said chapter 37 has the effect to make railroad companies responsible for damages sustained by fires originating from operating their roads, other than prairie fires, and that such liability extends to damages sustained to urban property, yet, although that decision indicates that the statute applies to property of every kind, and in any place where fire may be communicated thereto, originating from the operating of railroads, and although such statute is remedial, and should be construed liberally in favor of those for whose benefit it was enacted, it was not in that case held, nor intended to be held, that it included within its provisions property in the possession of a railroad company under an arrangement with the owner. The statute was only intended to create a liability for property destroyed where the relations between the rail-

road company and the owner in reference thereto, and the
liability of the railroad company therefor, was not other-
wise regulated and determined by other provisions of
law or by contract.   This identical question was before
the supreme court of Massachusetts in the case of *Bassett
v. Railroad Co.* 13 N. E. 370, decided in 1887.   A stat-
ute of that state identical in scope and effect with the
provisions of our statute above quoted was, in that case,
under consideration.   It was there held that the com-
mon carrier was bound to carry the goods, and was an
insurer of them until the transit ended, and was then lia-
ble as a warehouseman during such reasonable time as
they should remain in his custody awaiting delivery to
the consignee, and that such was the extent of its lia-
bility.   In that case the court says:    "The statute re-
ferred to gives protection to owners of property who
have made no arrangements with the railroad corpora-
tion about it.   It was not intended to prevent property
owners and railroad corporations making contracts de-
termining their respective rights and duties relating to
particular property, or to apply to cases where such con-
tracts have been made.   Nor is there any difference in
this regard between express and implied contracts.   If a
railroad corporation and an owner of land or personal
property makes an arrangement about it, from which the
law implies a contract broad enough to cover the subject
of liability for loss or injury, this contract, implied from
their voluntary act, fixes their rights, and excludes the
provisions of the statute intended for cases not covered
by a contract."

That case was identical with the one at bar.   The
goods in question, as here, had been transported by the
defendant, as a common carrier, under an ordinary con-

tract for the carriage. They had reached their destination. They were placed in storage in the company's warehouse, to await delivery to the consignee. While thus in storage, they were destroyed by fire, without negligence or want of ordinary care on the part of the railroad company. They were held by the court to be responsible only under and to the extent of their implied contract as warehousemen; and because their relation to the goods and responsibility therefor was fixed by such implied contract the statute referred to did not apply. We must therefore hold that the plaintiffs in error are not liable, under the povisions of chapter 37, for the destruction of the goods in question.

Counsel for defendant in error state that since the appeal of this case to this court it has come to their knowledge that the plaintiffs in error were guilty of negligence in setting the fire complained of, and suggest that, if this court should believe it necessary to reverse this case, the case be remanded to the court below for a new trial, that the defendant in error may have an opportunity to prove the negligence of the plaintiffs in error, and recover judgment therefor.

In *Blankinship v. Power Co.*, 4 Okl. 242, 43 Pac. 1088, it is held that where a case is tried upon a written statement of facts, signed by the parties to the cause, or their attorneys, and filed in the cause for use as evidence, such statement of facts is a general and solemn admission of the facts, and conclusive in all further proceedings in the cause, where there is no uncertainty in such statement. As the statement of facts in this case, without any uncertainty, admits that there was no negligence or want of care on the part of the plaintiffs in error occasioning the destruction of the goods in question, in

view of the decision just quoted, it could avail the defendant in error nothing to send this case back for trial; and as, upon the agreed statement of facts, we are of the opinion that no liability for the loss of the goods exists against the plaintiffs in error, it follows that the court below erred in rendering judgment against the plaintiffs in error. The judgment below is reversed, and the cause dismissed.

All of the Justices concurring.