ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* CLEMENTS.

Opinion delivered February 11, 1907.

1.  RAILROAD—ORIGIN OF FIRE—SUFFICIENCY OF EVIDENCE.—Where plaintiff's cotton was destroyed by fire while stored on defendant's platform awaiting shipment, evidence tending to prove that defendant's employees left a pile of cross-ties burning at a distance of 69 feet from

the platform with the wind blowing from that direction, that sparks were seen to fly and the fire seemed to have commenced from that direction, together with a lack of evidence pointing to any other source of the fire, was sufficient to sustain a finding that it was communicated from the burning cross-ties. (Page 7.)

2. SAME—NEGLIGENT DESTRUCTION OF PROPERTY BY FIRE—CONTRIBUTORY NEGLIGENCE.—In an action against a railroad company for destruction of cotton by fire, the fact that the owner of the cotton, in passing by, saw that defendant's employees had set on fire a pile of cross-ties near the cotton and took no steps to protect his cotton from the fire did not constitute contributory negligence where such employees were then in charge of the fire, as the owner might well suppose that they would not leave a fire burning so close to the cotton. (Page 7.)

3. SAME—INSTRUCTION AS TO CONTRIBUTORY NEGLIGENCE.—In an action against a railroad company for negligently burning plaintiff's cotton on its platform, the issue of contributory negligence was properly submitted by an instruction that until the bill of lading was issued for the cotton, or it was received by some agent of the railroad company, it was plaintiff's duty to watch his cotton and care for the same in such manner as a reasonably prudent person would have done under similar circumstances. (Page 7.)

4. INSTRUCTION—WHEN PROPERLY REFUSED.—Where evidence was competent, not to establish negligence on the part of defendant, but to impeach a witness, it was not error to refuse an instruction that the evidence should be disregarded entirely. (Page 8.)

Appeal from Cross Circuit Court; *Allen Hughes,* Judge; affirmed.

### STATEMENT BY THE COURT.

S. A. Clements lived near Whitehall, a station on the Iron Mountain Railway in Poinsett County. In 1904 he purchased five bales of cotton, and had them placed on the platform of the railway at that place for the purpose of shipment. The railway company kept no agent at that station, and Clements did not get a bill of lading for his cotton, but he made a demand for a car in which to ship the cotton. A few days after the cotton was placed on the platform, the platform and cotton were destroyed by fire. He afterwards brought this action against the railway company to recover the value of the cotton, alleging that the agents and employees of the company set on fire in the vicinity of the cotton a pile of old cross-ties and negligently permitted the same

to burn without proper care or watchfulness, and that the sparks from that fire caused the destruction of the cotton by igniting and burning it.

The company filed an answer denying the allegation of the complaint and denying that it was liable to the plaintiff for the value of the cotton.

On the trial there was testimony tending to show that the section hands of the defendant, in order to get rid of some old cross-ties that had been taken from the road bed and replaced by new ones, set fire to and burned two piles of these ties, one pile of which was only 69 feet from the platform upon which there were 15 or 20 bales of cotton, and that sparks from this fire were carried by the wind towards the cotton on the platform and caused it to ignite and burn about two o'clock in the morning after the ties were set on fire.

To rebut this evidence, the defendant introduced the foreman and certain of the section hands, who testified that when they left the place where the ties were burning the ties were entirely consumed, and that only a few coals were left; that a drizzling rain was falling, and that it was impossible for the fire to have been communicated from the coals left by the section crew.

On cross-examination this witness was asked if he had not said to Mr. Clements shortly after the fire that if he could collect his money without referring to the fact that ties had been set on fire not far from the cotton he would be pleased for him to do so. The witness replied that he made such request for the reason that he did not want it stated that the fire came from the burning ties because he knew that the ties did not cause the fire. This question and answer were objected to by defendant's counsel, and, his objections being overruled, he excepted. Other questions on this line were asked this witness, to which exceptions were saved.

Referring to this testimony, counsel for plaintiff in his argument to the jury said that the section foreman, Langley, knew that he was negligent in respect to the fire, and that was the reason this section foreman asked these people not to say anything about the fire. The defendant objected to this statement at the time, and, his objections being overruled, he excepted.

Thereupon the defendant asked the court to instruct the jury as follows:

"You are instructed to disregard any statement either of witnesses or of the plaintiff's attorney to the effect that the section foreman, Langley, may have asked or requested any one not to mention the fact that he set these piles of ties on fire, and all remarks of plaintiff's attorney relating to such alleged request of Langley are improper argument, and should be disregarded by you."

But the court refused to give the instruction, and the defendant excepted.

The jury returned a verdict in favor of plaintiff for $211.36, and judgment was rendered accordingly. Defendant appealed.

*B. S. Johnson* and *J. E. Williams,* for appellant.

1. It· was error to refuse instructions 12 and 15 requested by the defendant. In the absence of wanton or willful conduct on the part of defendant's section men in setting fire to the cross-ties, plaintiff would not be entitled to recover if he neglected to demand immediate shipment of the cotton after placing it on defendant's platform, or to procure a bill of lading for the same. 87 Tex. 117; 69 Tex. 79; 32 Am. & Eng. Ry. Cas. 343.

2. · The court erred in refusing to instruct the jury to disregard any statement of witnesses or of plaintiff's attorney to the effect that the section foreman had requested that no mention be made of his setting fire to the piles of ties.

3. The fact of setting fire to the ties did not of itself constitute negligence. 16 Ark. 308. And it is held that a railway company is guilty of negligence if it fails to keep its right of way free from combustible materials. 49 Fed. 807; 62 N. W. 365; 20 Am. Rep. 356; 10 N. Y. St. Rep. 147; 76.Am. Dec. 685. The obligation to exercise the care of a prudent man rested as much upon the plaintiff as upon the defendant—since he was fully informed of the existence of the fire and of the exposed condition of his cotton. 38 Ark. 358; 63 Tex. 57; 22 Kan. 52; 69 Tex. 79; 26 Wis. 257.

4. There being no evidence of the fire having been set to the cotton by the operation of a train, there is no presumption

of negligence imputable to the defendant in this case.   70 Ark.
481.   The burden of proof, therefore, rested upon the plaintiff.

*O. N. Killough,* for appellee.

RIDDICK, J., (after stating the facts.)   This is an appeal by
the railway company from a judgment rendered against it for
the value of cotton destroyed by fire.   The plaintiff alleged that
the cotton was destroyed by the negligence of a crew of section
hands in the employ of defendant, who set fire to a pile of old
cross-ties not far from the platform on which the cotton of plain-
tiff and others, in all 15 or 20 bales, was stored, and that sparks
from this fire ignited and destroyed the cotton.

The evidence, we think, was sufficient to sustain the verdict.
It was shown that a pile of cross-ties was set on fire and left
burning only sixty-nine feet from the platform on which the cot-
ton was placed.   The wind was blowing from the fire towards
the platform, and sparks were seen to fly in that direction, and
witnesses who came to the fire first testified that it seemed to
have commenced on the side next to the place where the cross-
ties were burned.   As the evidence did not point to any other
source of the fire, the jury were justified in concluding that it
must have been communicated by sparks from these burning
cross-ties or from embers left after the ties were burned.   This
conclusion of course rests on circumstantial evidence alone, and
it can not be said with absolute certainty that it is correct.   It is
possible, as counsel for defendant suggested, that the cotton was
set on fire by some incendiary, or that the fire originated from
spontaneous combustion, or from the carelessness of some un-
known person.   But these are mere speculations outside of the
evidence, and the jury had the right to reject them and base their
verdict on what seems from the evidence to have been the most
probable cause.

Nor do we find any error in the instructions of the court, a
careful reading of which has convinced us that they are as
favorable to defendant as the law warranted.

Counsel for defendant complain that the court rejected
certain instructions based on the theory of contributory negli-
gence, but the court covered this point in an instruction in which
the jury were told that, until a bill of lading was issued for the

cotton, or it was received by the conductor or some agent of the company, "it was the duty of the plaintiff to watch his cotton and care for the same in such manner as a reasonably prudent person would have done under similar circumstances; and if plaintiff neglected this duty in any respect, then he was guilty of such contributory negligence as would bar a recovery." The burden was on the defendant to show contributory negligence, and the mere fact that plaintiff, in passing through the town on the day preceding the night when the cotton was burned, saw that the ties had been set on fire does not show that his failure to watch and protect the cotton from this fire was contributory negligence. It is not shown at what time of day Clements saw the burning ties; but, as he testified that he was not at the store late that afternoon, it is fairly inferable that it was not long after the ties had been set on fire that he saw them. The section hands were then in charge of this fire, and he might well suppose that they would not leave a fire burning so close to this cotton. In any view of this matter we think no error is shown prejudicial to defendant.

Another point made is that the court erred in permitting the attorney for plaintiff to propound certain questions on cross-examination of witness Langley, the section foreman, in reference to a request made by him of Clements that in presenting his claim for the price of the cotton he should not refer to the burning ties. But, while these acts of the witness were not evidence against the company, it was proper to consider them in connection with his own testimony, in order to determine the weight to be attached to such testimony, and for that reason it was a proper subject of comment in the argument of counsel. The instruction asked by appellant that the jury should disregard this evidence and argument entirely was improper. Had counsel asked that this evidence be considered only in ascertaining the weight to be given the testimony of Langley, but not as showing negligence against the company, the presiding judge would no doubt have granted the request.

There are other points discussed, but after due consideration thereof we are of the opinion that the judgment should be affirmed, and it is so ordered.