ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY *v.* BLACK.

Opinion delivered February 2, 1920.

1.  RAILROADS—FIRES—PRESUMPTION OF NEGLIGENCE.—The rule that where inflammable property near a railroad track is discovered to be on fire soon after the passing of an engine emitting sparks the jury may infer that the fire originated in sparks from the engine, in the absence of other evidence to explain its origin, applies though the cause of action arose in another State where a different rule prevails.

2.  APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—Where there was neither allegation nor proof that defendant railroad company was holding the cotton alleged to have been burned on its platform as warehouseman, it can not be contended on appeal that under the Oklahoma law no recovery could be had without proving negligence because the cotton was held by defendant as warehouseman; that issue not having been raised below.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little,* Judge; affirmed.

*W. F. Evans* and *Warner, Hardin & Warner,* for appellant.

1.   The evidence is insufficient to sustain the finding that defendant set out the fire.   The cause of action arose in the State of Oklahoma and the laws of that State govern as to liability, if any.   113 Ark. 265; 64 *Id.* 291. Review the evidence and contend that the greatest probation force of the proof is to show a mere possibility that the cotton was set on fire by defendant's train.   This is clearly insufficient.   16 S. E. 958; 112 N. W. 1121; 153 Pac. 872; 174 *Id.* 510; 28 Mo. App. 622; 20 Pac. 664; 42 N. E. 818.

2.   Defendant occupied the relation of warehouseman and only liable for negligence, and, even if sparks from defendant's engine set the fire, plaintiff was not entitled to recover, as defendant was not sought to be held as a common carrier but under section 114, Revised Laws of Oklahoma, it was the custom of shippers at Cameron, Oklahoma, to place cotton on the platform which they intended for shipment.   No bill of lading was issued and none asked for and there was no delivery to the railroad at the time of the fire and defendant was liable only as a warehouseman, if at all.   108 Pac. 380; 134 *Id.* 856; 153 *Id.* 857; 87 Ark. 26; 140 S. W. 480.   The railway company was bound only to ordinary care to prevent fire.   10 Corp. Jur., p. 226; 1 Hutch. on Car., § 112; 16 Ill. App. 284; 16 S. E. 323.   It is liable only for loss resulting from its own negligence.   108 Pac. 380; 5 Am. & E. Enc. L. (2 Ed.), 212; 4 R. C. L. 747; 122 S. W. 184; 59 S. E. 949; 42 Ark. 200; 33 Cyc., p. 1328.   The rule is well settled by the law of Oklahoma which governs this case.   13 A. & E. R. R. Cas. (N. S.), 253; 58 Ark. 156; 187 S. W. 635; 67 *Id.* 295.

*T. P. Winchester,* for appellee.

1.   The case was not tried on the theory that the defendant was a warehouseman, and no such issue was made by the pleadings or tendered.   46 Ark. 96; 69 *Id.*

23; 71 *Id.* 242; 4 Hutch. on Car. (3 Ed.), § 118; Elliott on R. R., § 1410, vol. 4; 101 Ark. 75.

2.    The evidence is ample to sustain the verdict, and was sufficient to justify a verdict that the fire was set by sparks from the train.    92 Ark. 569; 82 *Id.* 3; 79 *Id.* 12; 89 *Id.* 418; 140 S. W. 480; 90 Ark. 182, and cases cited; 85 Ark. 127, 257.

McCULLOCH, C. J.    Appellee instituted this action against appellant in the circuit court of Sebastian County to recover the value of thirty-three bales of cotton destroyed by fire alleged to have been communicated by sparks from one of appellant's locomotives while the cotton was situated on a platform near the railroad at the station of Cameron, State of Oklahoma.    There was recovery in the trial below for the full value of the cotton as alleged and proved.

Appellee based his right to recover on a statute of Oklahoma which reads as follows:

"Any railroad company operating any line in this State shall be liable for all damages sustained by fire originating from operating its road."    Revised Laws of Oklahoma, 1910, § 114.

It is alleged in the complaint that "defendant owns and operates a line of railway through the States of Arkansas and Oklahoma, and at Cameron, Oklahoma, on its said railway line it erected a platform upon which it received and stored baled cotton intended for shipment over its said railway line;" that on October 11, 1917, "plaintiff had upon said platform fifty-five bales of cotton placed there for shipment over said defendant's railway; and that on the date named "one of defendant's freight trains going south passed the platform upon which said cotton was located and when said train passed said platform the locomotive engine drawing said train emitted great showers of sparks and live coals, some of which fell upon plaintiff's cotton and ignited it," and that thirty-three bales of said cotton of the aggregate value of $4,807.77 were destroyed by the fire thus communicated.

The answer contained specific denials of each allegation of the complaint and also contained an allegation that the cotton was not destroyed through any negligence of the defendant. It was specifically denied in the answer that said cotton was placed on the platform "for the purpose of being shipped over defendant's line of railroad."

Appellee testified that he had fifty-seven bales of cotton at a gin and hauled fifty-five bales of it to the railroad platform and placed it thereon for the purpose of shipping it over appellant's road; that the bales had his own tags on it, and that he intended to haul the other two bales and ship it all at one time. The cotton was destroyed by fire that night while on the platform. The other testimony adduced by appellee tended to show that a passing engine drawing a freight train emitted showers of live sparks, large and small, which were borne by the wind toward the cotton platform and that a short time thereafter the cotton was found to be on fire. The testimony adduced in the case did not tend to show any origin of the fire other than by communication from the engine. Appellant's testimony tended to show that the engine did not and could not emit sparks of sufficient size to reach the cotton platform. The watchman, who was introduced as a witness by appellant, testified that he patrolled the cotton platform between the times the train passed and the fire became flagrant, and that he did not discover any fire in the cotton. There was conflict in the testimony as to the precise time the train passed and as to the time the cotton was discovered to be afire.

Appellee's right of action, if any exists, arose in the State of Oklahoma, and the laws of that State control.

It is contended, in the first place, that the evidence is not sufficient to sustain the finding that the fire was communicated from the engine.

In the case of *Railway Company* v. *Dodd,* 59 Ark. 317, the rule was announced that where inflammable property situated near a railroad track was discovered

to be on fire soon after the passing of an engine emitting sparks, these were "facts from which the jury might have inferred that the fire originated in sparks from the engine of the train which had just passed, there being no evidence to explain its origin on any other theory." That rule has been adhered to in all later cases. *St. L., I. M. & S. Ry. Co.* v. *Coombs,* 76 Ark. 132; *Monte Ne Ry. Co.* v. *Phillips,* 80 Ark. 292; *St. L., I. M. & S. Ry. Co.* v. *Clements,* 82 Ark. 3; *St. L. S. W. Ry. Co.* v. *Trotter,* 89 Ark. 273; *St. L. & S. F. Rd. Co.* v. *Shore,* 89 Ark. 418; *Central Arkansas & Eastern Ry. Co.* v. *Goelzer,* 92 Ark. 569; *Missouri & North Arkansas Rd. Co.* v. *Phillips,* 97 Ark. 54; *Bush* v. *Taylor,* 130 Ark. 522.

The Oklahoma Supreme Court has adopted a different rule in weighing the sufficiency of evidence, but we are not bound by the rule of that court, even though the cause of action arose in that State. The cause of action does not rest on the rules of evidence in the State where it arose, nor on a statute of that State on the subject which enters into the cause of action, and the law of the forum governs. *St. L. & S. F. Rd. Co.* v. *Coy,* 113 Ark. 265; *St. L., I. M. & S. Ry. Co.* v. *Steel,* 129 Ark. 520.

The next and last contention of appellant is that, according to the construction placed by the Supreme Court of Oklahoma on the statute in question to the effect that the statute is not applicable where a contractual relation as bailee and bailor subsists between the owner of the destroyed property and the railroad company (*Walker* v. *Eikelberry,* 7 Okla. 599, 54 Pac. 553), there is no liability in the present case, for the reason that the proof shows that appellant held the cotton as warehouseman, and that negligence was not proved and that the court refused to submit the question of negligence to the jury.

The question appears to be raised here for the first time, for the case was not tried below on the theory of any contractual relationship between the parties. The issue was not raised below, either in the pleadings, the proof or the instructions.

Appellee based his right of recovery on the statute, and alleged the purpose for which the cotton was placed on the platform to show that he had rightfully placed it there. The answer presented an issue on that subject by the denial that the cotton was placed there for shipment. The complaint contained no allegation as to negligence on the part of appellant with respect to the loss of the cotton. Appellee adduced, in support of his plea, proof that he placed the cotton on the platform for the purpose of shipping it. He did not prove that he gave notice to the agent of the company, nor that the cotton was formally received by the company's agent, but the circumstances proved were such as to warrant the finding that the cotton was on the platform with the consent of appellant and that question was submitted to the jury in the charge of the court. The purpose of appellee was manifestly, as before stated, to show that his property was rightfully on the platform. *St. Louis, I. M. & So. Ry. Co.* v. *Cooper & Ross,* 120 Ark. 595. Appellant made no effort at all to prove that it had received the cotton and held it as warehouseman. Nor was there any request to have that issue submitted to the jury. The refused instructions requested by appellant were confined to the question of negligence and contained nothing concerning the relationship of the parties with respect to the possession of the cotton.

Instruction No. 5, requested by appellant, is a fair sample of the refused instructions. It reads as follows:

"Before the plaintiff can recover in this case he must establish by a preponderance of the evidence that the fire which destroyed his cotton was set out, or caused, by sparks emitted from the engine of a southbound freight train passing Cameron on the evening of October 11, 1917, at about 8 o'clock and also that said fire was set out, or caused, by the negligence of the defendant, and if he fails in either of these your verdict should be for the defendant in this cause."

The court gave, at appellant's request, the following instruction:

"You are instructed that it is alleged by plaintiff that thirty-three bales of cotton belonging to him, which was situated upon the defendant's cotton platform at Cameron, Oklahoma, was destroyed by fire set out by one of defendant's southbound freight trains on the night of October 11, 1917, about 8 o'clock. Now the court instructs you that the burden is upon the plaintiff to show these facts by a preponderance of the testimony, and if he fails to do so you should return your verdict for the defendant."

The submission of the question of negligence would not necessarily have carried with it a submission of the relationship of the parties. On the contrary, the giving of appellant's requested instruction would have constituted an assumption that the cotton was held by appellant as warehouseman. The inference to be drawn from the testimony as to the relationship of the parties with respect to the cotton was not undisputed, and it would not have been proper for the court to give instructions assuming that appellant had possession of the cotton and held it as warehouseman. The jury could have found from the testimony that appellee put the cotton on the platform at appellant's implied invitation, and merely for his own convenience, and that it was not held by appellant as warehouseman. The question should not, if the issue was raised, have been taken away from the jury by a peremptory instruction, or one assuming that the relationship of warehouseman subsisted.

If this question had been appropriately raised so as to direct the court and adverse party to its presence in the case, the testimony on the point might have been fully developed by additional testimony. It would not be fair to appellee to allow it to be raised here on appeal for the first time. The reports abound in decisions of this court holding that such practice is not permitted. *Radcliffe* v. *Scruggs,* 46 Ark. 96; *Martin* v. *McDiarmid,* 55 Ark. 213; *Greenwich Ins. Co.* v. *State,* 74 Ark. 72; *James* v. *Mallory,* 76 Ark. 509.

Upon the record presented we do not think that there was any prejudicial error committed which appellant is in position to take advantage of now. The judgment is, therefore, affirmed.

SMITH, J., dissents.