## FT. SMITH & WESTERN R. R. CO. et al. v. SYRACUSE PORTRAIT CO.

No. 15520—Opinion Filed Feb. 23, 1926.

Rehearing Denied April 6, 1926.

1. **Carriers—Liability as Warehouseman—Interstate Shipment—Notice of Arrival—Statute—Uniform Bill of Lading.**

A common carrier of merchandise may change its liability from that of carrier to that of warehouseman by giving notice of the arrival of the shipment at destination in conformity to the provisions of Comp. Stat. 1921, section 4914 and section 5517, and where such shipment is interstate, a provision of the uniform bill of lading covering such shipment that after 48 hours from the giving of such notice the carrier's responsibility shall be that of "warehouseman only," is reasonable and enforceable as a valid contract.

2. **Same—Destruction of Goods by Fire—Negligence—Burden of Proof.**

In such case the liability of the warehouseman is for negligence only, and where the allegations and proof of plaintiff make a prima facie case of negligence by showing nondelivery, the necessity for excusing such nondelivery devolves upon defendant, but when the prima facie case is met by allegations and proof of destruction of the goods by fire of unknown origin while stored in a warehouse so constructed and maintained as to be reasonably safe for such purpose, plaintiff is under the necessity of going forward with the evidence to the point of discharging its burden of proving negligence.

3. **Same—Erroneous Instructions Placing Burden of Proof on Carrier.**

Instructions which place upon defendant the burden of proof upon the issue of negligence in this character of action are erroneous for the reason that under the Act to Regulate Commerce (24 Stat. 386, c. 104, § 20), as amended June 29, 1906 (34 Stat. 593, c. 3591, § 7), Congress has made the liability of carriers under interstate contracts determinable solely by federal law, which law places the burden of proof of negligence upon the plaintiff in this character of action, and that burden never shifts.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; O. L. Price, Judge.

Action by Syracuse Portrait Company against the Ft. Smith & Western Railroad Company and Charles T. O'Neal, its receiver, to recover for breach of contract in the carriage and delivery of certain merchandise. Judgment for plaintiff, and defendant brings error. Reversed, with directions.

This action was commenced by plaintiff filing its petition in the district court of Oklahoma county on two causes of action for breach of contract of carriage and safe delivery of merchandise. Under its first cause of action plaintiff alleged, in substance, that on July 13, 1921, it delivered to the New York Central Railway Company at Syracuse, N. Y., four boxes of enlarged portraits of the total value of $542.32, for carriage and safe delivery to the Empire Art Company at Oklahoma City and that said shipment was received by the defendants as connecting carriers for transportation from Ft. Smith, Ark., and for delivery at Oklahoma City; that defendants neglected and refused to deliver said merchandise to the consignee at destination to plaintiff's damage in the said sum of of $542.32. For its second cause of action plaintiff made substantially the same allegations in reference to a shipment of eight boxes of enlarged portraits, alleged to have been shipped from Syracuse on August 9, 1921, and of the value of $1,211.40. Attached to the petition as Exhibits "A" and "B" are the two bills of lading covering the two shipments.

Defendants filed their answer consisting of a general denial, and followed by affirm-

ative allegations, in substance, that upon receipt of said goods at Oklahoma City defendants notified the consignee by mail of the arrival of said shipment, and that after waiting 48 hours for the consignee to claim and receive delivery thereof, defendants stored said goods in their warehouse, and that thereafter "on or about September 24, 1921, while this receiver was in the exercise of ordinary care in regard thereto, said freight was totally destroyed by fire."

Plaintiff replied to this answer by general denial. Trial was had October 10, 1923, resulting in a verdict in favor of the plaintiff in the sum of $500, upon which verdict judgment was rendered. After unsuccessful motion for new trial, defendants have brought the case here by petition in error with case-made attached for review.

Burford, Miley, Hoffman & Burford, for plaintiffs in error.

Snyder, Owens & Lybrand, for defendant in error.

Opinion by LOGSDON, C. There are numerous assignments of error, but in the presentation of the case in the brief of defendants only two propositions are argued as follows:

"(1) That the undisputed testimony shows that the goods were destroyed by fire while in defendants' custody as warehousemen, and that the evidence fails to show any negligence or want of care upon the part of defendants.

"(2) That the trial court erred in giving certain instructions and in refusing certain other requested instructions."

In this case plaintiff brought its action upon its contract for carriage and safe delivery of the goods, and alleged that said defendants "failed, neglected and refused to deliver the said merchandise to the consignee at destination," and "still fails, neglects and refuses to deliver the same to the consignee or to this plaintiff," whereby they became liable to pay the plaintiff the full value of said merchandise. It is disclosed by the evidence, without contradiction, that the first shipment arrived in Oklahoma City July 29, 1921, and that on the same day defendants notified the consignee of the arrival of said shipment by post card mailed and properly addressed to the consignee at Oklahoma City, no more definite address being contained in the bill of lading. The second shipment arrived in Oklahoma City September 3, 1921, and similar notice was that day mailed to the consignee to the same address as the first. Each bill of lading contained the following provisions:

"Property not removed by the party entitled to receive it within 48 hours (exclusive of legal holidays) after notice of its arrival has been duly sent or given may be kept in car, depot or place of delivery of the carrier, or warehouse, subject to a reasonable charge for storage and to carrier's responsibility as warehouseman only.

"For loss, damage, or delay caused by fire occurring after 48 hours (exclusive of legal holidays) after notice of the arrival of the property at destination * * * has been duly sent or given, the carrier's liability shall be that of warehouseman only."

It is contended by plaintiff that the post cards mailed on the dates the two shipments arrived were insufficient notices to change the liability of defendants from that of carriers to that of warehousemen, and in support of this contention plaintiff relies on the last sentence of section 4914, Comp. Stat. 1921. This section reads:

"If for any reason a carrier does not deliver freight to the consignee or his agent, personally, he must give notice to the consignee of its arrival, and keep the same in safety, upon his responsibility as a warehouseman, until the consignee has had a reasonable time to remove it. If the place of residence or business of the consignee be unknown to the carrier he may give the notice by letter dropped in the nearest post office."

The contention is that before the liability of defendants can be changed from that of carriers to that of warehousemen, it must appear that the notice required by the foregoing section was given by letter instead of by postal card. The language of the section does not reasonably sustain such contention where, as in the instant case, the residence or place of business of the consignee is known. The place of business of the consignee was stated by the consignor in the bill of lading to be Oklahoma City, so that the language of the last sentence in relation to mailing a letter where the address is unknown has no application. There is another reason why this contention of plaintiff may not be sustained. The section relied on was section 483 of the Statutes of 1890. In 1905, the Legislature enacted what is now section 5517, Comp. Stat. 1921, said section being a part of article 2, ch. 10, of the Session Laws of 1905. The last section of article 2 of that chapter repealed all laws in conflict with its provisions. The material portion of section 5517 reads:

"Such railroad companies shall within 24 hours after arrival of shipments give written notice by mail, or otherwise, to consignees of the arrival of the shipments to-

gether with the amount of freight charges thereon. * * *"

It seems clearly evident that if section 4914 was ever susceptible of the construction contended for by plaintiff it could not be so after the enactment of section 5517, because the latter section merely requires written notice to be given by mail or otherwise. This view of these provisions is borne out by the opinion of this court in the case of C., R. I. &. P. Ry. Co. v. Tiner, 54 Okla. 289, 153 Pac. 857, wherein it was held, without discussion, that notice of the arrival of a shipment given by mail on a postal card, as was done in the instant case, was sufficient notice to change the liability of the defendant from that of carrier to warehouseman. It being satisfactorily established by the evidence that the statutory requirements were complied with, in reference to notice of arrival of the shipments, such notice being given to the consignee, it is clear, under the provisions of the contract between the parties, that after the expiration of 48 hours from the giving of such notice, defendants' liability in the instant action became that of warehousemen.

In making out its case plaintiff proved its contract, the delivery of the goods by plaintiff to defendant for safe carriage and delivery at destination, the arrival of the goods at Oklahoma City, their value, and their nondelivery, and thereupon rested its case. This made a prima facie case for plaintiff, and it devolved upon the defendant to excuse the nondelivery. To meet this necessary requirement defendants introduced evidence to show that the goods were stored in its warehouse in Oklahoma City; that said warehouse was of corrugated iron and brick construction, having steel fire doors in the wareroom; that the warehouse was kept clear of rubbish and was frequently swept, and that it was a reasonably safe place for the storage of goods; that on September 24, 1921, said warehouse was totally destroyed by fire after working hours and during the time that the same was closed for business. Plaintiff's rebuttal evidence did not show the cause of the fire. There is no dispute in the evidence as to the destruction of the goods by fire, nor as to the fact that the fire was of unknown origin. With the proof in this condition the trial court gave to the jury instruction No. 5, which is as follows:

"You are instructed that as a matter of law it is the duty of a common carrier, such as the defendants in this case, upon the arrival of freight at the point of destination, if for any reason said carrier does not deliver freight to the consignee or his agents, to give notice to the consignee of its arrival and keep the same in safety upon his responsibility as a warehouseman until the consignee has had a reasonable time to remove it; and that if the place of residence or business of the consignee be unknown to the carrier, such carrier may give notice by mail, deposited in the nearest post office and addressed to the consignee, and that the responsibility or duty of the warehouseman is to use ordinary care for the preservation of the thing so kept as a warehouseman: and in this connection you are instructed that the burden of proof is upon the defendants to show compliance with these duties."

This instruction was duly excepted to by defendants and constitutes one of the causes of complaint under the second proposition heretofore stated. Defendants contend that this instruction is erroneous, in that it places the burden of proof upon the defendants to show that the destruction of the goods of plaintiff by fire was not due to the negligence of the defendants. In this connection defendants requested the following instruction, which was refused by the court and exception reserved:

"You are further instructed that if you believe and find from the evidence that the defendant sent notice to the plaintiff with reasonable promptness upon receipt of the shipment, and you further find that more than 48 hours after such notice the shipment was destroyed by fire, then your verdict should be in favor of the defendant, unless the plaintiff has proved by a preponderance of the evidence that such fire was due to the negligence of the defendant."

Plaintiff's contrary contention on the questions involved in these instructions is, that since it sued upon its contract for safe carriage and delivery of the goods, its action was in contract and not in tort; that defendants, having answered that they held the goods as warehousemen, and that the same were destroyed by fire while defendants were in the exercise of ordinary care in regard thereto, the burden was upon the defendants to establish this allegation of their affirmative defense, and that the burden of showing negligence in the destruction of the goods by fire did not rest upon the plaintiff. In support of this contention plaintiff relies upon and quotes at length from the case of Wilson v. California Cent. R. Co. (Cal.) 29 Pac. 861. This authority gives unqualified support to plaintiff's contention, but its controlling force here must be denied for two reasons: (a) It is based upon the application of a specific California statute prescribing the burden of proof under negative allegations, which is without counterpart in our statutes; (b) that case arose prior to the

Act of Congress of June 29, 1906, known as the Carmack Amendment, which supersedes state laws on questions of liability under interstate contracts of shipment. The contract involved in the instant case is a uniform bill of lading. In the case of Southern Railway Co. v. Prescott, 240 U. S. 632, a cause of action and a defense very similar to those disclosed by the record in the instant case was under consideration. In speaking of the effect of the provisions of the Act to Regulate Commerce, as amended June 29, 1906, on the variant rules of liability in the several states, Mr. Justice Hughes used this language:

"Viewing the contract set forth in the bill of lading as still in force, the measure of liability under it must also be regarded as a federal question. As it has often been said, the statutory provisions manifest the intent of Congress that the obligation of the carrier with respect to the services within the purview of the statute shall be governed by uniform rule in the place of the diverse requirements of state legislation and decisions."

And, again, in speaking of the burden of proof in actions of this nature, he said:

"It was explicitly provided that, in case the property was not removed within the specified time, it should be kept, subject to liability 'as warehouseman only.' The railway company was therefore liable only in case of negligence. The plaintiff, asserting neglect, had the burden of establishing it. This burden did not shift. As it is the duty of warehouseman to deliver upon proper demand, his failure to do so, without excuse, has been regarded as making a prima facie case of negligence. If, however, it appears that the loss is due to fire, that fact in itself, in the absence of circumstances permitting the inference of lack of reasonable precautions, does not suffice to show neglect, and the plaintiff, having the affirmative of the issue, must go forward with the evidence. * * * In the present case it is undisputed that the loss was due to fire which destroyed the company's warehouse, with its contents, including the property in question. The fire occurred in the early morning, when the depot and warehouse were closed. The cause of the fire did not appear, and there was nothing in the circumstances to indicate neglect on the part of the railway company."

Since the federal law affords the correct rule for determining the rights and liabilities of the parties under a uniform bill of lading issued on an interstate shipment, and since the federal law does not permit the burden of proof of culpable neglect to shift from the plaintiff to the defendant in actions of this character, it must follow that if any state law contravenes the rule of the federal law, the latter must be regarded as controlling. St. Louis, I. M. & S. Ry. Co. v. Bentley, 71 Okla. 165, 176 Pac. 250. Where the facts disclosed in the case are sufficient to change the liability of a railway company from that of carrier to that of warehouseman, and goods are destroyed by fire while being held by the carrier in the capacity of warehouseman, the burden of proving negligence in their destruction rests and abides with the plaintiff throughout the case. An affirmative defense which states facts excusing nondelivery, by showing destruction of the goods by fire of unknown origin while contained in a warehouse so constructed and maintained as to be reasonably safe for such purposes, when sustained by proof, is sufficient to overcome a prima facie case of liability, and to place upon plaintiff the necessity of going forward with its evidence to the extent of discharging its burden of proving negligence. Mere formal allegation of ordinary care in an affirmative defense, excusing loss of goods by fire, cannot operate to change the rule as to the burden of proof of negligence, which rests at all time, until satisfactorily established, upon the plaintiff. If the rule were different in this jurisdiction it would have to give way to the controlling force of federal law in the instant action. However, in this state the same rule has been established as that announced in Southern Railway Co. v. Prescott, supra; Walker v. Eikleberry, 7 Okla. 599, 54 Pac. 553; Standard Marine Ins. Co. v. Traders' Compress Co., 46 Okla. 356, 148 Pac. 1019; C., R. I. & P. Ry. Co. v. Tiner, supra. It must, therefore, be concluded that the trial court erred in giving to the jury instruction No. 5, which placed upon the defendants the burden of proof on the issue of negligence, and that it likewise committed error in refusing to give instruction No. 9, requested by the defendants.

For the reasons herein stated, the judgment of the trial court is vacated, and the cause reversed, with directions to the trial court to sustain defendants' motion for new trial.

By the Court: It is so ordered.

Note.—See under (1) 10 C. J. pp. 240 § 341; 243 § 345: anno. 18 L. R. A. (N. S.) 427; 4 R. C. L. p. 751 et seq.; 1 R. C. L. Supp. p. 1207; 5 R. C. L. Supp. p. 255. (2) 6 C. J. p. 1158 § 160; 10 C. J. p. 245 § 348; pp. 246, 247 § 349; anno. 9 A. L. R. 559; 27 R. C. L. p. 1003; 4 R. C. L. Supp. p. 1781; 5 R. C. L. Supp. p. 1492. (3) 10 C. J. p. 56 § 42; pp. 246, 247 (Anno) § 349.