ANDREW CHRISTY, Plaintiff in Error, *v.* JAMES PULLIAM, Defendant in Error.

ERROR TO ST. CLAIR.

A husband made certain bequests to his wife, among others, certain lands, "to dispose of at her death to any person she may think best to live with her, and take care of her;" she conveyed these lands, and it was held that the grantee in an action of ejectment might offer his deed in support of his title; and that evidence of a tenancy of defendant under his grantor, with a view of estopping him from denying title in plaintiff, is proper.

The power conferred on the wife by the will, may be executed by deed or will, or other simple writing, if sufficient to convey the subject matter of it; the intention of the devisor, by the power conferred on the wife, is too plain to admit of restriction.

THIS was an action of ejectment, to recover the possession of a certain tract of land situate in St. Clair county. Declaration contains but one count; plaintiff claims an estate in fee in said land.

The cause was tried by the court and jury. Plaintiff showed a connected title of record from the United States to one Joseph Ogle, and produced the last will of said Joseph Ogle, duly proved, which will contained the following provisions: "Also I give and bequeath to the above named Lucy Ogle, to have and to hold during her natural life, the land that I now own and reside on, to occupy and use the said land in the same way as it would be lawful for her to do if the title were full and complete in her," and in subsequent part of will, the provision, viz.: "*The land not included in above bequeath, (referring to lands in controversy,) I give and bequeath to my beloved wife, Lucy Ogle, to dispose of at her death to any person she may think best to live with and take care of her,*" and then offered to introduce a deed from

Lucy Ogle, the widow of Joseph Ogle, deceased, conveying the lands sued for to the plaintiff, having proved by one Duncan, that the land sued for was not included in the special bequest referred to in said will, which said deed was by the court excluded from the jury.

The plaintiff then called one Absalom Badgly, and offered to prove by him that the defendant came into the possession of the premises under a lease from the grantor of the plaintiff, and asked the following question : " Do you know of James Pulliam, the defendant, having paid rent to Lucy Ogle, the grantor of the plaintiff?" which question the court would not permit the witness to answer.

The plaintiff then offered to prove by said witness that the defendant rented the land in controversy of Lucy Ogle, who was the grantor of the plaintiff, and that the relation of landlord and tenant existed between them, also to prove that said Lucy Ogle has conveyed her interest in said land to said plaintiff, all of which the court refused to let plaintiff prove, and thereupon the jury found a verdict *pro forma* for the defendant, of not guilty, at August term, 1855, of the St. Clair Circuit Court, BREESE, Judge, presiding.

The plaintiff moved a new trial, which was overruled.

G. TRUMBULL, for Plaintiff in Error.

W. H. UNDERWOOD, for Defendant in Error.

SCATES, C. J. The testator provided for the payments of his debts and funeral expenses out of his personalty and gave the remainder to his wife forever. He also devised to his wife the land upon which he lived, viz.: " To have and to hold during her natural life the land that I now own and reside on, to occupy and use the said land in the same way as it would be lawful for her to do if the title were full and complete in her." He further devised, at the death of his wife, two other tracts, a forty and a thirty-five acre tract, to certain nephews, by metes and bounds, (which by codicil he revoked as to them and gave to another nephew,) and then proceeded: " and the land not included in the above bequeath, I give and bequeath to my dearly beloved wife, Lucy Ogle, to dispose of at her death to any person she may think best to live with her and take care of her." The will was proved Sept. 21, 1846. On the 12th of June, 1854, Lucy Ogle executed a deed in fee of these lands to plaintiff. The court excluded this deed in evidence, and refused evidence of a tenancy of defendant under the grantor. Upon these rulings arise the questions before us.

The first clause recited devises a life estate in her of the home-stead tract ; the second does not devise the lands, but creates a general power of appointment in fee, without special or particular conditions or directions as to the time, mode ‚or manner of doing so, or restriction in appointing an estate less than a fee, or in executing it at different times, for different parts of the land, or quantum of interest. "To dispose of at her death," might import a limitation as to time and the mode by will, were not the sense and intention of the testator so clearly manifested by the remainder of the sentence. But it is very clear that the object of the power was for the benefit of the devisee of it, to enable her, in her discretion, to make provision for her sustenance and comfort until her death, for which purpose the power enables her to dispose of the land "to any person she may think best to live with her, and take care of her." The literal reading would lead us to an absurd conclusion and make nonsense. The testator never contemplated such an idea as restricting the power to the time of her death, for it would then imply that the person receiving the land would have "to live with her, and take care of her" after he had received it, in order to return the consideration for it, in the "care" provided for. To avoid this absurdity, we must understand, under such a restriction of the power, that the purchaser under it, must bestow, in advance, during her life-time the "care" intended, which means, not only attentions, but moneys, maintenance, and all necessaries of life, and trust to her execution of the power in his behalf at her death ; and should she fail, neglect or refuse its execution, it might be very questionable whether equity would interpose for his relief, by supplying a want of it in his behalf. 4 Kent Com. 339, 340, 341 ; 1 Coke Little. 113*a*, note (C. 2); *Clinefelter et al.* v. *Ayres*, 16 Ill. 329. We must therefore, seeing so plainly an *intention* by the power, to make provision for her maintenance according to her own discretion, give it full effect by forbearing such restrictions as might wholly defeat a purpose so grateful to the heart of a dying husband.

The same rules of construction govern contracts and wills, and are framed and adopted to ascertain the intention which is to govern. 1 Greenleaf Ev., Sec. 287 and notes, and Sec. 289 and notes.

When the mode of executing the power is not defined, it may be executed by deed or will, or other simple writing, if sufficient to convey the subject matter of it. 4 Kent Com. 330 ; *Fairman* v. *Beal*, 14 Ill. R. 244 ; 2 Hilliard on Real Prop. 559, Sec. 12 ; 1 Sugd. on Pow. 258, Sec. 3, clauses 9 and 13, (1 Law. Lib. p. 228.) And the power need not be referred to in the instrument executing it. 4 Kent Com. 334.

The manner of execution here by deed, the time, and the quantity of estate, are all within the terms and intention of this will—4 Kent's Com. 319—and we are, therefore, left to the inquiry of the grounds of its exclusion in evidence.

We remark, in the first place, that the exclusion of the evidence of a tenancy of defendant under the grantor, with the view of estopping him from denying title in plaintiff as her grantee, was proper; for while we recognize the law as correctly laid down on that subject, we think it has no application here, as will be apparent from the principles which govern a case like this.

It is not the case of an ordinary conveyance, nor like it in its effects; but the doctrine of powers has its peculiarities.

Plaintiff, as appointee under the power, derives his title, not under the person exercising the power, but from the will; the deed operates as the direction of a use, and he takes in the same manner as if the use had been limited to him by the will. 4 Kent Com. 327, 328. And this deed of appointment relates back to and takes effect from the will; and he takes under the testator, and not Mrs. Ogle, who merely executed it by his direction. 4 Kent Com. 337, 338; 1 Coke on Litt. 112a and notes (M. 1) (N. 1), *Albany's case; Marlborough* v. *Godolphin,* 2 Ves. Sen. R. 61; *Cook* v. *Duckenfield,* 2 Atk. R. 565–8; *Middleton and wife* v. *Crofts,* 2 Atk. R. Appendix 661; *Bradish* v. *Gibbs,* 3 John. Ch. R. 550; *Doolittle* v. *Lewis et al.,* 7 John. Ch. R. 45. And this was carried so far in *Roach et al.* v. *Wadham,* 6 East. R. 289, that Watts, who had the power of appointment, with a limitation over to him in fee, on default of appointment, rendering rent to plaintiff, one of the parties to the creation of the power as part owners of the estate, discharged the land from his covenant to pay this rent to plaintiffs, which covenant run with the land; and the appointee took the land free of the rent, by the appointment of Watts, but not by conveyance from him, and was, consequently, not subject to his covenant to pay the rent. But this relation back to the creation of the power is not to be understood, nor will it overreach intervening rights. 4 Kent's Com. 338; *Marlborough* v. *Godolphin,* 2 Ves. Sen. R. 78; *Southby* v. *Stonehouse,* id. 610.

This is not a naked power, but is coupled with a beneficial interest in the devisee of it; and her exercise of it will, if practicable, be upheld. *Clinefelter et al.* v. *Ayres,* 16 Ill. 329; *Fairman* v. *Beale,* 14 Ill. R. 244.

The plaintiff has set forth, according to the statute, the estate he claims, which is a fee, and can recover no less estate. The deed conveys a fee—and there is no proof in the record that the lands described in the deed and declaration are the

homestead, in which the grantor took a life estate as devisee under the will.

The question, therefore, does not arise upon this record as to the effect of the execution of the power upon the life estate in the homestead. The land described may be the same, in whole or in part; but as the will did not describe it by numbers, and no witness has deposed to its identity, we cannot identify it.

The plaintiff must recover, according to his allegations, a fee or nothing. *Ballance* v. *Rankin,* 12 Ill. R. 420; *Rawlings* v. *Bailey et al.,* 15 Ill. R. 178. But the evidence offered by him will *prima facie* support his allegations, and should, therefore, have been admitted.

Judgment reversed and cause remanded for new trial.

*Judgment reversed.*