B. BLANKINSHIP, *receiver of E. N. Tilman and H. Til-man, partners doing business under the firm name of the Southern Distilling Company,* v. THE OKLAHOMA CITY LIGHT AND WATER POWER COMPANY, CHARLES CLARK, *constable,* T. C. RICE, M. R. KRAUSNICK AND G. W. WHITE.

PROBATE    COURT—*Stipulation—Agreed    Statement    of    Fact    Binding—Rule Applied.*  In a cause begun in the probate court, a written stipulation was agreed upon between the plaintiff and the defendants "that the facts in the above entitled cause are as follows." The cause was tried upon this stipulation, containing the agreed statement of facts, in the probate court, and finding had for the plaintiff.  The case was appealed to the district court upon law and facts and tried by the court without a jury.  The stipulation was objected to at the trial in the district court, and the objection sustained, and the stipulation and the agreed statement of facts contained in it, thereupon excluded from the testimony then produced in the case.  *Held*, this was error.  A written statement of facts, claiming to be the "facts in the above entitled cause," properly entitled and signed by the parties to a cause, or their attorneys, and filed in the cause for use as evidence, and thereafter so used at the hearing in the probate court, is a general and solemn admission of the facts, and binding upon the district court upon appeal, and conclusive in all further proceedings in the cause, unless some portions thereof are uncertain and of doubtful interpretation, in which case evidence *alunda* will be received upon such points of doubtful and uncertain interpretation.

*Error from the District Court of Oklahoma County.*

*R. G. Hays* and *J. S. Jenkins,* for plaintiffs in error.

*J. W. Johnson,* for defendants in error.

The opinion of the court was delivered by

MCATEE, J.: This suit was brought by the Southern Distilling company in the probate court of Oklahoma county on the 6th day of July, 1893, against the defendants, to recover two barrels of whiskey, or their value, alleged at one hundred and sixty dollars.

A general denial was filed by all the defendants except Clark and White, who answered that they held the whiskey in controversy by reason of writs of attachment

placed in their hands as constables of Oklahoma county, Oklahoma Territory, and that the property in said whiskey was in M. Winter.

It was admitted in the reply that defendants, Clark and White, were constables, and held the whiskey by virtue of the writs of attachment mentioned. All other allegations in the said answers were denied, except as stated.

The issues having been made up, the plaintiffs and defendants thereupon filed an agreed statement of facts in the cause on the 22d day of July, 1893, as follows:

"TERRITORY OF OKLAHOMA, OKLAHOMA COUNTY, SS:
    "*In Probate Court, before S. A. Steward, Judge.*
"Southern Distilling Co., plaintiff, v. Oklahoma City
    Light and Water Power Co.; Charles Clark, as con-
    stable; T. C. Rice, M. R. Krausnick and G. W. White,
    as constables, defendants.

"STIPULATION.

" It is hereby agreed by and between the above named plaintiff and the defendants, and each and all of them, that the facts in the above entitled cause are as follows, and that the said court may enter judgment accordingly, the same as if such facts had appeared from the preponderance of the testimony, duly and properly given in said court upon the trial of this cause, and that such judgment may be made and entered, without reference to formality as to the time of setting said cause; such facts so agreed upon being these, to-wit:

"That the property in controversy, to-wit: two barrels of whiskey, were sold by the plaintiff to one Myer Winter for a consideration of $165, and a few days prior to the commencement of this action, and said goods are of the value of said sum; that the plaintiff is a non-resident and is doing business in Dallas, in the state of Texas, and was doing business when said goods were so sold, and that said Myer Winter was doing business in said Oklahoma City, said county and territory at the

same time, and that said goods were sold on credit and were shipped by the plaintiff to said Myer Winter at Oklahoma City, and there received by him and kept unopened and unusued for some four or five days; and that the said Winter being unable to pay all of his lawful debts as they fell due, and not having the ready money for that purpose, placed said goods in the hands of a drayman in Oklahoma City for the purpose of returning the same to the plaintiff in payment of the purchase price thereof; that said goods were detained by said drayman for some time, and then under the express directions of said Winter were taken to the Atchison, Topeka & Santa Fe depot in said city and delivered to said railroad company to be shipped to the plaintiff at Dallas, in the state of Texas, (that evidence may be taken that a bill of lading therefor was executed by the agent of said company and delivered to said drayman,) and said goods left in the custody, possession and charge of said railroad company, so consigned by said Winter to the plaintiff; that the consignment of said goods, by said Winter, to the plaintiff was agreeable and acceptable to the plaintiff, in payment of the purchase price therefor; and that from the time said goods were so delivered to said drayman they were never returned to the possession of said Winter, he having immediately quit the country and exercised no further control or authority over the same; that said indebtedness was *bona fide*, and said sum a fair value and consideration for said goods, and all of said transactions were had, and said acts done, before any actions were brought by any of the creditors of said Myer Winter; but afterward actions in attachment were brought by several of the creditors of the said Myer Winter, among whom are some of the defendants herein, and orders in attachment were issued and levied on the goods here in question, which were taken into the possession of the constables above named, who are defendants herein and were in their possession at the time this action was brought under such order in attachment, and that this action is brought by the plaintiff after demand to recover the possession from the defendants of said

goods; the contention of the plaintiff being that its rights in the premises to the possession of said property are superior to the rights of said officers under said order of attachment.

"Dated this 22nd day of July, 1893.
"SOUTHERN DISTILLING Co.,
"By ROGERS & HOWARD, their Attorneys.    Plaintiff.

"OKLAHOMA CITY LIGHT AND POWER Co.,
"By SELWYN DOUGLAS, Attorney.
"CLARK & BURWELL, Attorneys for Krausnick."

Upon which said agreed statement of facts trial was had, and judgment rendered in favor of the plaintiff, plaintiff in error here, for the possession of said whiskey and the costs of suit.

Defendants in error appealed to the district court of Oklahoma county, and a trial was there had before the court without a jury, upon the same pleadings as in the probate court, with the exception that B. Blankinship, receiver of the Southern Distilling Company, was substituted for the plaintiff by order of the district court, and a finding made for defendants in error.

At the hearing of the cause in the district court on March 15, 1896, the plaintiff, in order to maintain the issues on his part, offered to introduce to the court as evidence of the facts in said case, the stipulation and agreed statement of facts as above set forth, and as theretofore agreed upon and filed in the probate court; to the introduction of which the defendants objected, which objection was by the court sustained, and to which ruling of the court, the plaintiff excepted.

The court thereupon proceeded to hear testimony in the case, contradictory to material statements made in the written statements of facts, as agreed upon in the probate court.    No motion or application was made by

the defendants in error to amend or strike out the statement of facts, as filed in the probate court, before the trial began. The cause went to trial without such motion, the written stipulation still standing upon the record unchallenged, and no application up to that time having been made for its exclusion on the ground of newly discovered evidence, or because its statements were contrary to the facts.

The court found for the defendants in error, and the plaintiff brings the case here for review, assigning as error, that the court erred, (1), in permitting illegal and incompetent testimony to be given on the hearing of the case, over the objection of the plaintiff in error, to which plaintiff in error at the time excepted; and, (2), in excluding relevant and competent testimony offered in behalf of the plaintiff, on the trial of said action, to which ruling the plaintiff in error at the time excepted; and, (3), in refusing to receive in evidence and consider the agreed statement of facts, signed by the attorneys in said action, and filed in said action and offered by the plaintiff as the facts in said case, to which ruling the plaintiff in error at the time excepted; and, (4), in overruling the motion for a new trial, and because the judgment was contrary to the law and evidence.

The principal proposition of the plaintiff in error is, that the written stipulation having been agreed upon by the attorneys for defendants and signed by them as the "facts in the above entitled cause, *  *  the same as if such facts had appeared from the preponderance of testimony upon the trial of the cause," that the defendants in error were bound by them upon appeal to the district court in all matters relating to the progress and trial of the cause in the district court, to the same extent as in the probate court.

The law is, that if it plainly appear that an admission be made for the purposes of a particular trial alone, that it cannot be used at any subsequent trial, but that, if the statement appears to be made as a general admission, that in that case, the party or parties making it will be bound by it, in all subsequent proceedings, or upon a new trial. And it is contended by the defendants in error that, whether or not "an oral admission made by counsel is a general admission, or intended only for the particular trial then pending, is a question of fact to be determined by the jury," and that, although the agreed statement of facts in question here, was incorporated in writing, the rule should be the same, the rule applying in reason as well to written as to oral admissions, and that the fact that the admission or statement is in writing gives to it no more force, and that, in either case the question as to whether the admission was a general admission, or an admission intended only for the cause then pending, is a question of fact to be determined by the jury or by the court sitting as a jury, as in this case.

We do not understand this proposition of the defendants in error, to be the law. The language of the stipulation is that "the facts in the above entitled cause are as follows."

The statement of facts is clear and definite; there is no obscurity in it; it is not susceptible of a doubtful interpretation.

It is declared in Greenleaf on Evidence, vol. 1, § 186, that:

"The admissions of attorneys of record bind their clients in all matters relating to the progress and trial of the cause. But, to this end, they must be distinct and formal, or such as are termed solemn admissions, made for the express purpose of alleviating the stringency of some rule of practice, or of dispensing with the formal

proof of some fact at the trial. In such cases they are in general conclusive, and may be given in evidence, even upon a new trial."

And in Gres. Eq. Ev., p. 458, it is said, that:

"For the purpose of the suit an admission made by counsel is conclusive, and in subsequent proceedings or on rehearing, if the court is satisfied that they were really made, they cannot be retracted."

And it is declared in the syllabus of the court in *Cen. Branch U. P. R. R. Co. v. Shoup*, 28 Kan. 282, in which an oral admission had been made by an attorney during the trial of the cause, that even such oral admission might be proved in the subsequent trial of the case, "if it should appear to be intended as a general admission of the fact and that upon such subsequent trial, it would be as binding as though made at that trial."

And it is said by Brewer, J., who wrote the opinion, that:

"It may also be so obviously intended as a general admission that the court may instruct the jury to treat it as such; as, for instance, where the parties sign an agreed statement of facts."

And it is said in 92 Ala. 120, that:

"When an agreed statement of facts is reduced to writing, signed by the attorneys of the respective parties, and not limited to use on one trial only, a party cannot be relieved from an admission therein contained, on a subsequent trial, after a reversal and remandment of the cause, except for some cause which would authorize the rescission of the contract ; and neither the attorney's understanding that the agreement was for the purpose of one trial only, nor his opinion that the admitted facts were immaterial, is sufficient cause to set it aside. If the court refuses to receive the admissions contained in the agreed case as evidence on a second trial, an exception may be reserved and the ruling revised on appeal."

And it is said in 44 N. Y. 486, by the court, that:

"The effect of the admission is to conclude the parties. This admission belongs to that class of solemn judicial admissions which are made as a substitute for proof of the fact admitted. They dispense with proof as to such fact, and although there may appear in the case evidence casting doubt on the truth of such matter admitted, it is to be presumed that there is other evidence not produced, or other reasons which induce the admissions. If the admissions were improvidently made, the injured party has his remedy by motion to strike out or amend the admission; but while it exists in the case, it would appear to be conclusive."

There was no admission that it was for use in the probate court only. It was, indeed, provided, that: "the said court may enter judgment accordingly, the same as if such facts had appeared from the preponderance of testimony duly and properly given in said court upon the trial of this cause."

But after the stipulation, properly entitled in the probate court, properly stating the parties to the cause, and a written agreement that, "it is hereby agreed by and between the above named plaintiff and defendants, and each of them, that the facts in the above entitled cause are as follows," and the stipulation having been formally signed by the plaintiff and by the defendants by their attorneys, and having been filed in the case, the further provision that the "said court may enter judgment accordingly," etc., was unnecessary and superfluous and will be treated as surplusage. Upon the presentation of the written statement of facts, the court would pass upon the facts so presented and enter judgment thereupon, as a matter of course, as required by law, and no provision in the written agreement, could have any additional effect to place the discharge of the judicial function upon

the case thus presented, within the duty or jurisdiction of the court.

The facts in the cause having been incorporated in writing, executed and filed in the cause, they became "the facts in the above entitled cause," for all purposes, and are solemn admissions made by the defendants in error, and if made erroneously, were made so that the plaintiff in error relied upon them, and had a right to rely upon them, and if a wrong has been done, the defendants in error must look to their attorneys. No motion was made before the trial came on to strike out or amend the admission of fact, and inasmuch as they existed in the cause as general and solemn admissions for all purposes, they are conclusive.

The cause will, therefore, be reversed and remanded to the district court with direction to grant a new trial in accordance with the views here expressed.

Scott, J., who presided in the court below, not sitting; all the other Justices concurring.