## ALBERTY v. ALBERTY.

No. 9187—Opinion Filed April 15, 1919.

(180 Pac. 370.)

(Syllabus.)

1. **Descent and Distribution—Rights of Parents—Effect of Divorce and Separation.**

Under subdivision 3, § 8418, Rev. Laws 1910, where a minor dies leaving estate and no issue and both parents survive him, but are not living together at the time of his death, and its appears that during their period of divorcement and separation each parent has contributed about the same toward the support of the minor, and each has borne about the same burden in caring for him, his estate in such case will descend to the parents in equal shares.

2. **Appeal and Error—Descent and Distribution—Rights of Parents—Questions of Fact—Review—Sufficiency of Evidence.**

Where a minor dies, leaving estate and no issue, and both parents survive him, but are not living together, it is a question of fact to be determined from the evidence as to which parent has had the care of such minor during their separation; and, where the testimony is conflicting. the finding of fact by the trial court will not be disturbed by this court, unless it is clearly against the weight of the evidence.

Error from District Court, Nowata County; W. J. Campbell, Judge.

Action between Lizzie Alberty and Andrew Alberty for the allotment of a deceased

minor child. A decree was rendered, giving each of the parties a one-half undivided interest, and Lizzie Alberty brings error. Affirmed.

Eldon E. Sams, Geo. A. Henshaw, and A. Carey Hough, for plaintiff in error.

Wm. S. Hamilton and John F. Pendleton, for defendant in error.

HARRISON, J. This was an action between the parents of a deceased minor child, the father claiming a one-half interest in the allotment of the minor child, and the mother claiming all of said allotment.

In theory the controversy involved the construction and application of the third subdivision of section 8418, Rev. Laws 1910, but in reality it involved merely a question of fact as to who had cared for and supported the minor child. The provision of statute in question reads as follows:

'If there be no issue, nor husband nor wife nor father, nor mother, then in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation; if the deceased being a minor, leave no issue, the estate must go to the parents equally. if living together; if not living together, to the parent having had the care of said deceased minor."

After hearing the testimony the court decreed that each parent should have a one-half undivided interest in the allotment of the deceased minor child.

The mother appeals from such decree to this court, claiming that some 9 months and 21 days before the death of their son a decree of divorce had been granted to her, giving her the custody of the minor children, and contends here that by virtue of such decree, giving her the custody of the minor children, she was entitled to the entire allotment under the last clause of the above statute, which provides:

"If not living together, to the parent having had the care of said deceased minor."

But it appears from the record that the deceased son was 18 years of age at the time of his death, that the parents had lived. together as man and wife. jointly supporting and caring for their children up to about 21 months before the son's death, at which time they separated and lived apart about a year before the decree of divorce was granted. During this year the son lived with his father; the mother lived away from home; the father stayed at home and kept all the children. After the decree of divorce the mother came back home, and the father left, and the deceased son lived with his

mother, until his death, which was a little over 9 months after she came back home.

After hearing all the testimony, the court divided the property equally between the parents. Evidently this decree was based on the conclusion that the parents, living together as man and wife until the boy was 16 years of age, had jointly supported and cared for him, and that after the separation they had each contributed about equally to his support and care, and we are not inclined to question the correctness of the court's conclusion in this regard.

It will be observed that under the provision of the above statute the property of the deceased minor descends "to the parent having had the care of said deceased minor." The court evidently concluded that both parents had had the care of the minor since they had ceased to live together, and that therefore each was entitled to an equal share in the estate under the provision of the second subdivision of section 8418, Rev. Laws 1910, whch provides:

"If the decedent leave no issue, the estate goes one-half to the surviving husband and wife, and the remaining one-half to the decedent's father or mother, or, if he left both father and mother, to them in equal shares."

In Bruce v. McIntosh et al., 57 Okla. 774, 159 Pac. 261, the above provision of the statute was before this court. In applying said provision the court said:

"We think the word 'care' as used in this section of the statute, requires that the parent in whose behalf its discriminatory and exclusive benefit is asserted must be shown to have borne practically the entire burden of parental duty towards the minor, including maintenance and such other expenses as such duty requires, at the time of the minor's death and during substantially the full period of such separation of parents, to be entitled to such exclusive inheritance. Kelly v. Jefferis, 3 Pennewill [Del.] 286, 50 Atl. 215; Christy v. Pulliam, 17 Ill. 59."

Whether the above decision was brought to the attention of the trial court or not, it is evident that the trial court placed the same construction upon the statute and made the same application of such statute that this court made in the Bruce Case, and that construction and application was correct.

It is further contended by appellant that the decree of divorce in decreeing the care and custody of the minor children to the mother carried with it the title to all the children's estate, in the event they should die, without issue, while yet minors, but this contention, in view of the record, is without merit. The decree of divorce appears in the record and makes no provision as to the descent of the minors' property in case any of such minors should die intestate and without issue before attaining majority.

The judgment is affirmed.