**WHITE v. KROEGER et al.**

No. 8942.—Opinion Filed Dec. 23, 1919.

(Syllabus by the Court.)

1. **Oil and Gas—Lease—Construction—Parol Evidence.**

In an action to obtain possession of a lease by the landowner, where the lease has been placed in escrow with the following written agreement:

"This lease is to be placed in escrow in the Citizens Bank of Billings, Oklahoma, to remain there until the test well is drilled. Should said well find oil or good oil sand or gas, this lease is to be the property of A. B. White, otherwise to be returned to Mr. Kroeger. I further agree in case a well is brought in on the adjoining farm to drill on the above described farm in six months"—held, that the agreement is uncertain as to where the test well was to be drilled, or when the same was to be drilled, and it was not error for the court to permit oral testimony to be introduced to ascertain the true intent of the parties as to when and where said well was to be drilled.

2. **Appeal and Error — Review — Nonjury Cases.**

In an action triable to the court without a jury, where the judgment of the trial court is not clearly against the weight of the evidence, said judgment will not be disturbed on appeal.

Error from District Court, Noble County; W. M. Bowles, Judge.

Action by A. B. White against Louise Kroeger and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Hills & Manatt, for plaintiff in error.

Johnson, Robinson & Rice, for defendants in error.

McNEILL, J. This action originated in the district court of Noble county by A. B. White bringing suit against Louise Kroeger and George Kroeger and the Citizens Bank of Billings, for the possession of a certain oil and gas lease, which was executed by the Kroegers on certain land in Noble county to the plaintiff, and deposited in escrow in the Citizens Bank of Billings. The defendants Kroeger filed an answer and cross-petition, admitting the execution of the lease, and alleged that the test well which was referred to in the escrow agreement was to be drilled upon the land adjacent to the defendants Kroeger's, and that plaintiff had never drilled the well adjacent to the defendants' lands, and the consideration for the lease having failed, and plaintiff having failed to comply with the conditions of the escrow agreement, he was not entitled to the possession of said lease. The defendants requested that said lease be surrendered to them and their title quieted. The bank answered that it was merely trustee, and tendered the lease into court, and asked that it be relieved from liability. To the answer and cross-petition, plaintiff filed a general denial.

Thereafter the plaintiff dismissed his petition, and the cause proceeded to trial upon the cross-petition of the defendants, and upon the trial of the case the court found, as a matter of fact, that the escrow agreement was signed for the purpose of securing a test well in section 25, township 23, range 2, on what is known as the Christopher farm, which was adjoining defendants' land, and there should be a well within six months thereafter on the Kroegers' land.

The court further found that no test well had been drilled upon said tract, nor any effort made to comply with the conditions of the escrow agreement, and found that the lease should be returned to the defendants. The court thereupon quieted title in the defendants and against the plaintiff.

From said judgment said A. B. White has appealed, and has assigned as error that the court erred in admitting incompetent evidence, and in overruling the demurrer of the plaintiff to the evidence of the defendants, for the reason that all the evidence offered by the defendants was incompetent in that it added to, varied, and contradicted the terms of a written contract. A decision upon the question of the competency of the evidence is decisive of the case at bar.

The escrow agreement is as follows:

"This lease is to be placed in escrow in the Citizens Bank of Billings, Oklahoma, to remain there until the test well is drilled. Should said well find oil or good oil sand or gas, this lease is to be the property of A. B. White, otherwise to be returned to Mrs. Kroeger. I further agree in case a well is brought in on the adjoining farm to drill on the above described farm in six months."

The Kroegers introduced in evidence testimony to substantiate the allegations of their cross-petition—that the test well was agreed to be drilled on the adjoining land, and that plaintiff had failed to comply with that agreement.

Plaintiff in error relied upon section 942, Rev. Laws 1910, which is as follows:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument"

—and a long line of cases decided by this court holding that parol testimony is not admissible to contradict, change, or vary the terms of a written contract.

The defendants in error, upon the other hand, contend that the contract is uncertain and ambiguous as to what test well was referred to, or where a test well was to be drilled, and, being ambiguous and uncertain, oral testimony was competent to show the intent of the parties and prove the true nature of the transaction. This court has held, in substance, where a contract is uncertain or ambiguous, that parol evidence is admissible, not for the purpose of contradicting the written contract, nor to alter, add to, or vary the written instrument, but to explain the intention of the parties, which could not be ascertained with any degree of certainty from the face of the instrument itself. Such is the holding in the cases of Wiers v. Treese, 27 Okla. 774, 117 Pac. 182; Rider v. Morgan, 31 Okla. 98, 119 Pac. 958; American Soda Fountain Co. v. Gerrer's Bakery, 14 Okla. 258; 78 Pac. 115; LaFayette vs. LaFayette, 64 Oklahoma, 166 Pac. 169.

An examination of the escrow agreement, which is set out above shows it is uncertain as to where a test well was to be drilled, or when it was to be drilled, or what test well is referred to. This question could not be determined from the instrument itself. The escrow agreement being uncertain and ambiguous in this respect, it was not error for the court to permit parol testimony to be introduced to ascertain the true intention of the parties.

The evidence disclosed that White was obtaining a block of leases, or attempting to obtain a block of leases, in that vicinity, and had a written contract with certain farmers located in that vicinity about the location of a well, and it developed in the trial of the case that the contract, as drawn, was never completed, but that different arrangements were made regarding the drilling of a test well. The leases in the block were all taken in the name of D. A. Williams & Co., but this lease was taken in the individual name of A. B. White. The evidence disclosed that White was unable to obtain a lease from the Kroegers for some time, and the Kroegers produced several witnesses who testified, in substance, that White represented that the well was to be located on the Christopher farm, owned by Mrs. Dupree, which farm cornered with the farm of the Kroegers. The testimony of two witnesses to the lease supported this contention, and several other witnesses testified that the plaintiff, White, had erected a mound, or certain clods of dirt on the Christopher land about 200 feet from the land of the defendants Kroeger, and represented that this was the location where the well was to be drilled. While these facts were all denied by the plaintiff, White, yet the court, having heard the witnesses, found against White upon the issues in the case, and an examination of the evidence convinces us that the finding of the court is supported by the great weight of the evidence. Therefore said judgment will not be disturbed on appeal.

This action was for possession of a lease and to quiet title. In so far as it was an action to quiet title, the same was an action triable to the court, and the rule adopted by this court in an unbroken line of decisions is:

"In an action triable to the court without a jury, where the judgment of the court is not clearly against the weight of the evidence, the judgment will not be disturbed on appeal."

For the reasons stated, the judgment of the trial court is affirmed.

OWEN, C. J., and KANE, JOHNSON, HIGGINS, and BAILEY, JJ., concur.