No. 23,396.

FRANK SINKE et al., *Appellees,* v. CARRIE MUNCIE et al., *Appellants.*

SYLLABUS BY THE COURT.

1. WILL—*Devise With Power to Dispose of at Her Death as Devisee May Deem Best May Be Exercised by Will or Deed—When Deed Takes Effect.* By his last will, probated in 1896, the testator devised all his property to his wife "to have and to hold the same during her natural life, and at her death to dispose of all the remainder of the property among the children and their heirs as she may deem best." In 1918 the widow executed deeds conveying some of the real estate to certain of the children in consideration of "one dollar and love and affection," and reserving to herself the use of the property during her life. In an action to set aside the conveyances, *held,* that the power to dispose of the estate is not limited to a will, either by implication or express terms, and therefore may be executed either by will or by deed, and that in this case the deeds, so far as they may operate simply in execution of the power, take effect only from the death of the widow, the words "and at her death" merely denoting the period when the disposition should take effect.

2. SAME. To the extent that a deed would be inoperative except as an execution of a power of appointment, it will execute the power though no reference is made thereto.

Appeal from Doniphan district court; WILLIAM I. STUART, judge. Opinion filed January 7, 1922. Reversed.

*Bennett R. Wheeler, S. M. Brewster,* and *John L. Hunt,* all of Topeka, for the appellants.

*J. J. Baker,* of Troy, *L. J. Eastin,* and *J. D. McNeely,* both of St. Joseph, Mo., for the appellees.

The opinion of the court was delivered by

PORTER, J.: Frederick Sinke, a resident of Doniphan county, died in January, 1896, leaving surviving him Frederica Sinke, widow, and nine children, seven of whom are the plaintiffs; two, with the widow,

are defendants. Frederick Sinke disposed of all his property by a last will which contained the following provision:

"I give, devise and bequeath all of my property, both real and personal and mixed of whatever kind and nature and wherever the same may be situated to my beloved wife, Frederica Sinke, to have and to hold the same during her natural life, and at her death to dispose of all the remainder of the property among the children and their heirs, as she may deem best. And I hereby authorize her to have complete control of all of said property with authority to sell and dispose of all or any part thereof and use and invest the proceeds of any such sale as she may need it or any and all of said property with the rents and profits thereof."

Since the probate of the will, the widow has been in possession of all the property, collecting the income; has purchased additional real estate, and has accumulated several thousand dollars which she has invested in notes and mortgages. In the latter part of 1918, she executed deeds to her daughter, Carrie, one of the defendants, conveying certain lots in the town of Wathena and a quarter section of land, the stated consideration in each deed being one dollar and love and affection. She reserved to herself the use and profits of the property during her life. About the same time she conveyed to Frederick Sinke, jr., a quarter section of land in Doniphan county for the same consideration and with the same reservation of the use and control during her life.

This action was brought by the seven children to set aside the conveyances. The petition alleged that Mrs. Sinke, who is now past 84 years of age, has become enfeebled and weakened in her mind, and is under the influence of certain of the defendants, and that the deeds were procured by false and fraudulent representations of the grantees, and by means of their control over her mind and will; that by similar false and fraudulent representations the defendants have procured possession of notes, money and securities belonging to the estate.

The plaintiffs asked that the conveyances be canceled, that defendants be required to account for money and securities procured by them from their mother, that Frederica Sinke be adjudged incompetent to longer manage and control the estate, and that a receiver and trustee be appointed to take charge of all the property, and control the same under orders of the court, using so much of the income as was necessary for the support and maintenance of the widow, and to hold the remainder, "having regard to the wishes and directions contained in the will."

Issues being joined, the court tried the case and found all the facts against plaintiffs, and held that when the deeds were executed Frederica Sinke was of sound mind and mentally capable, and that none of the conveyances were procured by undue influence; that no reason appeared why she should be deprived of the control of the estate. The court found that, in executing the deeds, she was attempting to exercise the power of appointment conferred upon her by the will, but the court held, as a conclusion of law, that Frederica Sinke could not exercise the power of appointment by deed, but could only exercise it by making and publishing a will and testament. As a further conclusion of law it was held that the deeds should be set aside because of lack of power in the grantor to execute them, and judgment was rendered accordingly. A motion for a new trial was overruled, and the defendants appeal.

The point upon which the judgment turned, although not suggested by plaintiffs in their petition, is the only one for determination here. The question is, whether the power of appointment given to Frederica Sinke by the last will of her husband can be exercised by will only, and not by deed. The will gives all the property to her "to have and to hold the same during her natural life, and at her death to dispose of all the remainder of the property among the children and their heirs, as she may deem best." The same paragraph declares: "And I hereby authorize her to have complete control of all of said property with authority to sell and dispose of all or any part thereof, and use and invest the proceeds of any such sale as she may need it, or any and all of said property with the rents and profits thereof."

The question, very ably briefed by both parties, is by no means a novel one. The courts have frequently been called upon to construe substantially the same provision where the testator had devised property with a power of disposition to be exercised "at the death" of the devisee, as the devisee may deem best. A leading case cited in the brief, is *Tomlinson v. Dighton*, 24 Eng. Rep. 335, where the devise was to the testator's wife "for life and then to be at her disposal," provided it be to any of testator's children. It was held that she took an estate for life with power to dispose of the fee. The widow remarried and afterwards conveyed the property to a trustee and his heirs for her use for life. The conveyance was held a good execution of the power.

In 1 Sugden on Powers, it is said:

"A power to dispose of the estate to such persons and uses as the party should think fit, would enable him to appoint the fee by will, or act *inter vivos*." (p. 319.)

In an early case, the question was considered by the supreme court of Illinois in *Fairman v. Beal*, 14 Ill. 244. In the opinion it was said:

"Where a power is conferred to dispose of an estate, without defining the mode in which the power must be executed, it may be exercised either by deed or will. But if it is required to be executed by deed, it cannot be done by will; and if a will is required, a deed will not suffice. Although courts cannot dispense with the form prescribed for the execution of a power, yet they generally incline to put a liberal construction on the words of the power. Sugden on Powers, ch. 6, §2 and 3. In this case, a general power was given to the tenant for life to dispose of the reversion. The mode in which it was to be exercised was not prescribed, unless it is to be implied from the phrase 'at her death,' that a will was intended. These words do not restrict the execution of the power to a testamentary disposition. Sugden, in his valuable treatise on Powers, in ch. 6, § 3, says: 'But the mere circumstance of the estate being limited to A. for life, and " 'after his death' " or " 'then,' " to be at his disposal, will not, by implication, restrain the execution of the power to a will'; and the authorities referred to by him fully sustain his position. In *Tomlinson v. Dighton,* 1 Peere Williams, 149, land was devised to the wife for life, 'and then to be at her disposal.' The wife conveyed the inheritance by deed, and the court held it to be an effectual execution of the power. In a case reported in 3 Leonard, 71, the devise was of lands to the wife for life, 'and after her decease, she to give the same to whom she will.' She made a grant of the reversion, and it was held to be a good execution of the power. Our opinion is, that Mrs. Belch took a life-estate under the will of her husband, with power to dispose of the inheritance; and that her deed to Waddle was a valid execution of the power. Under the will and deed, Waddle succeeded to all the title which the testator had at the time of his decease." (p. 246.)

The case was followed by *Christy v. Pulliam,* 17 Ill. 59, where "a husband made certain bequests to his wife; among others, certain lands, 'to dispose of at her death to any person she may think best to live with her, and take care of her.' " It was said:

"The power conferred on the wife by the will, may be executed by deed or will, or other simple writing, if sufficient to convey the subject matter of it; the intention of the devisor, by the power conferred on the wife, is too plain to admit of restriction." (Syl. ¶ 2.)

In *Burbank v. Sweeney,* 161 Mass. 490, the testator left property to his wife "to dispose of as she may deem expedient, but in the event that she should make no disposition of the same during her lifetime,

I give the remainder of my estate not disposed of above to my heirs at law." (Syl.) The court held that the wife was given a power of disposal by will as well as by deed during her life. To the same effect see the following authorities: 4 Kent's Commentaries, *330; 2 Hilliard on Real Property, 4th ed., 837, § 25; 1 Sugden on Powers, ch. 6, section III, clauses 9 and 13; Tiffany on Real Property, 2d ed., § 323.

In 21 R. C. L. 792, it is said:

"Where a general power to dispose of property is given, without specifying the manner of execution, the power may be executed either by deed or will."

In *Loosing v. Loosing,* 85 Neb. 66, the provision was "that my beloved wife, . . . shall have the use and disposition of all of my personal property, also the income so long as she lives." (p. 68.) The will also contained this provision:

"I want my wife to dispose or distribute this property which I have not devised, as she sees fit, or deems best in her judgment." (p. 68.)

Also, a provision as follows:

"The remaining children which I have not mentioned in this will, I will leave it to my wife, to give them as she sees fit out of the property I left for her to dispose of." (p. 70.)

It was said in the opinion:

"The testator did not specifically designate in his will the methods to be pursued by his widow in executing the power vested in her by him, and she therefore is at liberty to indulge her judgment or fancy by executing a deed or a will." (p. 72.)

It is, in our opinion, thoroughly well established by the cases and text-writers that this rule obtains notwithstanding the appointment of the power contains the words "at his" or "at her death," or, when the testator after referring to the devisee's lifetime, employs the words, "and then" or "then." In most of the cases we have examined, the opinion refers to the rule stated by Sugden on Powers, *supra,* that the mere circumstance of the estate being limited to A for life, and "after his death" or "then" to be at his disposal, will not, by implication, restrain the execution of a power of a will. In *Benesch v. Clark and Bramble, Adm'rs,* 49 Md. 497, the provision read: "To be disposed with as my wife sees fit, at her decease." She conveyed by deed of assignment, and the contention was that the power could not be exercised except by a last will and testament, stress being laid upon the use of the words "at her decease" as the time when the property was to be disposed of by the life tenant.

There the court held that the power could be exercised either by deed or will, quoting Sugden on Powers, *supra*. In the opinion the court said further:

"Such deed so far as it may operate simply in execution of the power, could be operative only from the death of Mrs. Bramble, and in the event that she remained and died the widow of the testator; and therefore the words 'at her decease,' only denote the period when the disposition should take effect." (p. 506.)

The plaintiffs cite the following extract from 1 Perry on Trusts, 3d ed., § 254:

"The general rule is, that the power given must be strictly executed as given, or it will remain as a trust for the person or class in whose favor it is given; thus, if the donee is to dispose of the property to such persons of a particular class as she shall select in a last will and testament, and the disposition is made by a deed, the power is not executed, and it will be construed into a trust for the whole class, or will go over, if there is a gift over in default of an appointment or execution of the power."

This is a mere statement of the general rule that the power must be strictly executed as given. In the present case, as we have seen, the power is not limited to a will, either by implication or express terms; and where there is no limitation the power may be executed either by will or by deed.

The plaintiffs place some reliance upon the decision in *Pearson v. Orcutt*, 106 Kan. 610, 189 Pac. 160. In the brief it is said that in that case "there was no power of appointment . . . but the donee exercised one and gave the property away by deed," and that in the present case "there is a power of appointment by will, but the donee gave the property away by deed. In both cases the donees, by these gifts, deprived themselves of the property, contrary to the intention of the testator. In each will the estate was intended for the benefit of the widow." We cannot agree with the contention that the will now under consideration contains a power of appointment by will only. Nor do we think that anything can be found in the four corners of the will calling for such construction. Nothing decided in *Pearson v. Orcutt*, supra, controls the present case.

It is argued, however, that the intention of the donor would be defeated by any other instrument than a will; it is insisted that it could not have been the intention of the testator to authorize the widow to execute the power by an irrevocable and absolute deed; that he must have intended that his wife should not execute the power except by will, in order that she might have the opportunity of

changing her mind at any time before her death. We think the provisions of the will show that the testator imposed implicit confidence in the discretion and judgment of his wife to dispose of the property as she might see fit, so long as she retained the use of the property until her death.

There is a suggestion that the deeds cannot be construed to be an attempt to exercise the power of appointment because no reference is made in them to the will of Frederick Sinke. The weight of authority seems to be that there is no necessity for a reference to the power in the instrument by which it is executed. (4 Kent's Commentaries, *334.) In 21 R. C. L. 798, it is said:

"In any event it is clear that where a deed would be inoperative except as an execution of a power, it will execute the power though no reference is made thereto."

(See *Warner v. Connecticut Mut. Life Ins. Co.*, 109 U. S. 357; also, 31 Cyc. 1131.)

It is clear that the court erred in holding that the power of appointment conferred upon the widow by the will of Frederick Sinke could not be exercised by deed, and since the court has found all the issues of the fact against the plaintiffs, the judgment must be reversed and the cause remanded with directions to enter judgment for the defendants.