### TRAVIS v. AARONSON et al.

No. 14893—Opinion Filed Sept. 9, 1924.

(Syllabus.)

1. **Appeal and Error—Review of Equity Case—Sufficiency of Evidence.**

In an equitable proceeding this court will weigh the evidence, but the judgment of the trial court will not be set aside unless against the weight of the evidence.

2. **Judgment—Action to Set Aside for Fraud—Defensive Pleading and Evidence.**

In an action to set aside a judgment for fraud practiced by the successful party in procuring such judgment, under a denial of the allegations of specific fraud, the defendant may introduce any evidence the effect of which will be to disprove such fraud.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by S. A. Travis, against L. E. Z. Aaronson, Cynthia T. Aaronson, and A. E. Aaronson to set aside a judgment of dismissal which was alleged to have been procured by fraud practiced by the successful party in obtaining the judgment of dismissal. Judgment for defendants, and plaintiff brings error. Affirmed.

M. A. Breckenridge, Chas. R. Bostick, and Wm. Hubert Courtney, for plaintiff in error.

West, Sherman & Davidson, for defendants in error.

WARREN, J. The original action in the district court of Tulsa county was instituted for the purpose of setting aside a judgment of dismissal procured in another action, such dismissal being alleged to have been procured by fraud practiced by the successful party in obtaining the judgment of dismissal.

The action is presumably brought under paragraph 4 of section 810, Comp. Stat. 1921, which provides that the district court shall have the power to vacate or modify its own judgments or orders for such fraud. The proceedings are by verified petition in a separate action, setting up fully the proceedings about which complaint is made.

Defendants answered, denying specifically the allegations of fraud and misrepresentation, alleging a true accounting of moneys sued for and the execution and delivery of a deed from defendants to plaintiff in carrying out the settlement of which the dismissal was a part, praying reconveyance of the property if settlement reopened.

There was a judgment in the trial court finding that the dismissal in the original action was secured pursuant to a contract and that there was no fraud in securing said contract, and found that the dismissal should not be set aside.

Plaintiff in error, who was plaintiff in the trial court, has appealed to this court with numerous assignments of error, which amount to allegations that the judgment was not supported by the evidence and that incompetent testimony was admitted.

This action, while statutory, is equitable

in its nature. Harper v. Rutland Sav. Bank, 79 Okla. 274, 192 Pac. 1101.

In an equitable action this court will not set aside the judgment of the trial court unless clearly against the weight of the evidence. White v. Kroeger, 77 Okla. 46, 186 Pac. 477; King v. Gant, 77 Okla. 105, 186 Pac. 960; Salmon v. Johnson, 78 Okla. 182, 189 Pac. 537.

Not only is the judgment of the trial court not against the weight of the evidence, but is in accord with the overwhelming weight thereof. There is little, if any, reliable evidence to support the allegations of the petition. We have read carefully the voluminous record, page by page, and any finding other than that made by the trial judge would have been a travesty on justice.

With reference to the complaint as to the admission of testimony, in view of the fact that the charge is fraud in securing the judgment, any fact that would tend to prove no fraud in connection with the allegations was admissible, whether under a general denial or the specific allegations of the answer.

We are of the opinion that the provision for a verification, as required by the contract, was fully met by the testimony. The policy of plaintiff in error during the entire trial was one of concealment, quibbling, and evasion. Such conduct could not appeal to a court of equity. While it has been said that language is made to conceal thought, yet this cannot be approved as a rule for testimony in a court of justice.

We are, therefore, of the opinion that the judgment of the trial court should be affirmed.

JOHNSON, C. J., and BRANSON, HARRISON, and LYDICK, JJ., concur