## THOMAS v. CHAPMAN.

No. 13425—Opinion Filed March 17, 1925.

Rehearing Denied Oct. 19, 1926.

**1. Contracts—No Time for Performance Specified—Reasonable Time Allowed.**

T. contracted to sell C. a top lease for oil and gas mining purposes on real estate in Texas. The contract, top lease, and check of C. for purchase price were placed in escrow, the condition being that said check should be delivered to T. and the lease to C. "when the said final judgment is entered canceling and annulling the said Empire lease". No such judgment was ever rendered. In eighteen months after date of contract, a release of the prior lease was had and the escrow or top lease was tendered to C., who refused to accept same and stopped payment of his escrow check. T. sued on the contract for purchase price evidenced by the check. Held, since said contract did not specify the time when such judgment should be procured, canceling such former lease, a reasonable time was allowed T. by statute.

**2. Same—Reasonable Time—How Ascertained.**

In such case, parol evidence that the parties understood that such judgment canceling such former lease should be at the next term of court to be convened in about six weeks, the fact that the top lease provided for payment of delay money in one year, the precarious value of an oil and gas lease. and other circumstances surrounding the parties at the time such contract was made were competent in ascertaining what was a reasonable time for performance on the part of T.

**3. Contracts—Breach—Waiver—Notice of Rescission.**

One defense of C. was that T. had failed to perform his own contract within a reasonable time. It does not appear that C. did any act of acquiescence in the said breach of T. Held, that C. did not waive such breach of T. by failure to give notice of rescission of contract.

**4. Same—Disposition of Case.**

Record examined, and held, the tender of the top lease to C. in about eighteen months after date of such contract was failure of . performance within a reasonable time.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Carter County; Thomas W. Champion, Judge.

Action by R. C. Thomas against Fred A. Chapman. Judgment for defendant. Plaintiff brings error. Affirmed.

Brown, Brown & Williams, for plaintiff in error.

Earl A. Brown and Cruce & Potter, for defendant in error.

Opinion by ESTES, C. Parties appear in the same order as in the trial court. Plaintiff. Thomas, owned certain real estate in Comanche county, Tex., on which he had executed an oil and gas mining lease to the Empire Gas & Fuel Company. He had arranged with an attorney, Callaway, to bring an action to cancel said lease. Defendant, Chapman, desiring to purchase leases in that vicinity, was advised by Callaway that Thomas owned said land and that said lease to the Empire was void. Thereupon, plaintiff and defendant, on February 14, 1919, entered into a contract whereby the former agreed to sell, and the latter to purchase, a so-called top lease on a part of said real estate at $40 per acre, amounting to $1,866.65. A lease of even date with said contract was attached thereto and also the check of defendant of even date for said amount payable to plaintiff. These were placed in escrow in a bank in Texas, the condition being that said check should be delivered to plaintiff and said lease to

defendant "when the said final judgment is entered canceling and annulling the said Empire lease." Said contract further provided, in substance, that in the event said Thomas should compromise said suit with the Empire and get back any part of said land, less than all, that he should lease such part recovered to defendant upon the same terms, and execute a proper lease as soon as final settlement should be made. Said top lease was according to the usual producers' form. for five years, and provided that if no well be commenced on the land within one, the lease should terminate as to both parties, unless Chapman should pay or tender $1 per acre as delay money, etc. This contract was made in contemplation of a test well to be started and which was soon thereafter drilled, on lands near those covered by the lease. This test resulted in a dry hole. Suit was brought by Thomas, through said Callaway, to cancel said Empire lease, but no judgment accordingly was ever obtained. The cause was removed to the federal court. After the result of the test well was known, the Empire failed to pay or tender the rentals under its lease on said real estate and, at the request of Thomas, delivered a release of its lease in September, 1920. Thereupon, Thomas presented the release to the escrow bank. obtained the said check, and caused the top lease to be forwarded to defendant. Payment of the check was stopped by Chapman, who refused to accept the lease, whereupon Thomas brought this action to recover the amount named in said check as for performance of the contract. A jury was waived. Judgment was for defendant. The decision herein depends upon whether plaintiff performed, or tendered performance, of his contract within a reasonable time, since no definite time was fixed therein.

1, 2, 4. It is provided by statute that "if no time is specified for the performance of an act required to be performed, a reasonable time is allowed." In 6 R. C. L. 896, the rule is:

"It is proper to consider, in determining what is a reasonable time, the circumstances attending the performance. Though where an entire contract fails to express the time for its performance. or the commencement of performance, parol evidence cannot be introduced to show that a specified time was agreed upon by the parties, or that the time for performance is other than a reasonable time, yet it seems to be the law that the circumstances surrounding the parties at the time, including even conversations between them, may be introduced to aid in the ascertainment of what was a reasonable time."

These authorities are cited: Woods v. Miller, 55 Iowa, 168, 7 N. W. 484, 39 Am. Rep. 170, and Whiting v. Gray, 27 Fla. 482, 8 So. 726, 11 L. R. A. 526. See White v. Kroeger, 77 Okla. 46, 186 Pac. 477, and cases therein cited.

Defendant testified and plaintiff practically admitted that it was understood at the time said contract was entered into that a judgment canceling said Empire lease would be obtained at the next term of court to be convened in about six weeks. The fact that delay money was due from Chapman in one year after the date of said contract and top lease, and the fact, which may be noticed by this court, that the value of an oil and gas lease is precarious—that its value may vanish or be greatly enhanced overnight—and other circumstances in the record show that the tender of the lease to Chapman more than 18 months after the date of the contract, was not performance, in any event, within a reasonable time.

3. It is contended by plaintiff that Chapman did not attempt to rescind said contract until after full performance by him, Thomas, by tender of said top lease. Counsel for plaintiff cite Croak v. Trentman, 50 Okla. 659, 150 Pac. 1088. Therein it is held that the right to sue for damages for the breach of the contract may be waived by the party not in default himself, and this usually occurs where the party yields an unqualified asquiescence in the breach. The court observed:

'He failed to exercise the option, with full knowledge of the breach, and continued the plaintiff in his employ, receiving and accepting the benefit of his services, without objection, thereby fully and completely waiving the breach."

The rule in that case is not applicable to Chapman, for it does not appear that the latter did any act of acquiescence in the said breach of the contract by Thomas. On the other hand, it clearly appears that Thomas himself breached and failed to perform his contract so as aforesaid. Such failure to perform was one of the defenses of Chapman. Under such circumstances, it was not necessary for Chapman to give Thomas notice of rescission. See the numerous authorities cited in Wood, Curtis & Co. v. Seurich (Cal. App.) 90 Pac. 51, wherein it is said:

" 'One who refuses or fails to perform the conditions imposed on him by the terms of a contract, and shows no excuse for such refusal or failure cannot recover for a breach of the contract by the other party.' * * * Being the first to refuse to perform,

it cannot complain because the defendant refused to further perform on his part."

The judgment of the court is not clearly against the weight of the evidence, but is amply sustained thereby. It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 13 C. J. p. 683, §776; 6 R. C. L. p. 896; 2 R. C. L. Supp. p. 238; 4 R. C. L. Supp. 450. (2) 13 C. J. p. 685 §782. (3) 13 C. J. p. 671, §765. (4) 13 C. J. p. 685, §782.