## LESTER et al. v. STREICH.

No. 25865.   Sept. 25, 1935.

Rehearing Denied March 10, 1936.

Application for Leave to File Second Petition for Rehearing Denied May, 12, 1936.

Jos. I. Pitchford, for plaintiffs in error.

L. C. Tirey, for defendant in error.

PER CURIAM. The plaintiffs in error were defendants in the trial court, and the defendant in error was plaintiff; and they will be hereinafter referred to as they appeared in the trial court.

On October 1, 1921, R. L. Ogden and wife executed to the Murray Investment Company a real estate mortgage covering 190 acres of land in sections 5, 6, 7, and 8, township 7 north, and range 18 east Pittsburg county, Okla. This mortgage was due on December 1, 1931. This mortgage, on October 13, 1921, was assigned to the American Central Life Insurance Company. Then on March 18, 1931, R. L. Ogden and wife executed and delivered to plaintiff a mineral deed covering one-half interest in 137 acres of the 190-acre tract, and on October 14, 1931, R. L. Ogden and wife executed to plaintiff a $500 mortgage, subject to the first mortgage above. On September 8, 1932, R. L. Ogden and wife executed to the defendants a mineral deed conveying to them a one-third interest in and to 30 acres of the 190-acre tract. On September 12, 1932, a certain pooling agreement was entered into whereby part of the land

in the 190-acre tract was included and also other lands included. On January 10, 1933, R. L. Ogden and wife executed and delivered to one Elmer I. Streich their certain warranty deed conveying the 190 acres of land, and on January 10, 1933, the holder of the first mortgage assigned same to G. F. Streich, the plaintiff.

On February 24, 1933, plaintiff filed suit to foreclose the first and second mortgages. Suit was brought against the holder of the oil and gas lease and also against the holder of the royalty interest and the holder of the fee. The court gave judgment for the plaintiff, but allowed a marshaling of the assets, and held that the plaintiff had knowledge of the waiver of priority as to the oil and gas lease, and held same superior to the mortgage lien, and also granted the defendants the privilege of partial and proportionate redemption, and their interest was to be free and clear upon the payment of $600 and stand redeemed from the lien of the mortgage.

The defendants claim before this court that the plaintiff purchased this land from R. L. Ogden and wife, taking it in the name of Elmer I. Streich, a relative, and that plaintiff agreed with Ogden to pay the mortgage indebtedness; and they assert that, since this was done and he paid the insurance company the money for the mortgage and took an assignment, it operated as an extinguishment of the debt. As to the $500 mortgage, it is claimed that the plaintiff agreed with Ogden, for the consideration of the deed being made to Elmer I. Streich, to cancel the second mortgage and note. This is denied entirely by the plaintiff; he claims he did not agree to cancel his $500 note and mortgage, and that he advised Ogden at the time that he might have to take an assignment of the first mortgage in order to foreclose. If we consider the facts as defendants present them, then they would be entitled to judgment; but if we consider the facts as plaintiff claims them, he is entitled to judgment. Both plaintiff and the defendants have the correct theory of law presented in their briefs. Certainly, if the plaintiff had purchased this land from Ogden, who had prior to the purchase conveyed to defendants an interest, and the plaintiff had assumed and agreed to pay the mortgage indebtedness, then, under the decision of this court in the case of Kahn v. McConnell, 37 Okla. 219, 131 P. 682, and as a matter of justice, defendants would be entitled to claim an extinguishment of that debt, and, of course, if the plaintiff had agreed with Ogden to cancel his note of $500 due the plaintiff, then there would be no question but that the plaintiff

could not foreclose the mortgage. The plaintiff claimed in the trial court and claims in this court that he did not agree to surrender the $500 note or cancel it, and that he did not agree to pay off the first mortgage. There is evidence which sustains the theory of the defendants and there is evidence which sustains the theory of the plaintiff.

For example, if plaintiff was to cancel Ogden's note, why did he not deliver the note to Ogden at the time and deliver him also release of the mortgage? If plaintiff was to assume and agree to pay the mortgage, why did he not take the deed in his name and why did Ogden not require that he do so? Ogden was called as a witness for the defendants and it seems that he knew very little about the deal. There are circumstances which indicate that the plaintiff did agree to pay off the first mortgage and cancel the second mortgage; but in this case the judgment of the trial court was in favor of the plaintiff, and it is a general judgment, and, in a civil action triable to the court, where the finding of the court is general, such finding is a finding of each specific thing necessary to sustain the general finding, and where such finding is not clearly against the weight of the evidence, the judgment will be affirmed. Watashe v. Tiger, 88 Okla. 77, 211 P. 415; Salmon v. Johnson, 78 Okla. 182, 189 P. 537; Hines v. Olson, 78 Okla. 259, 190 P. 266; White v. Kroeger, 77 Okla. 46, 48, 186 P. 477, 478; King v. Gant, 77 Okla. 105, 186 P. 960; Town of Rush Springs v. Bentley, 75 Okla. 119, 182 P. 664; Alberty v. Alberty, 72 Okla. 237, 180 P. 370; In re Cobb's Estate, 66 Okla. 53, 166 P. 885; King v. Farris, 54 Okla. 594, 154 P. 510; Hixon v. Hubbell, 4 Okla. 244, 44 P. 222; Penny v. Fellner, 6 Okla. 386, 50 P. 123.

This is an equity case, and we cannot say that the judgment of the court is against the clear weight of the evidence. It might be observed here that the defendants are in no way damaged by the plaintiff purchasing the mortgage, because, had it remained in the hands of the insurance company, then certainly it would have been subject to foreclosure by them.

From an examination of the entire record in this case, we feel that the judgment of the trial court is not against the clear weight of the evidence, and we think that the judgment of the court holding that there was no merger or extinguishment of the first mortgage and no payment of the second mortgage is sustained by sufficient evidence. The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys Reuel W. Little, Kenneth Clark, and Geo. E. Rider in the preparation of this opinion. These attorneys constitute an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Little and approved by Mr. Clark and Mr. Rider, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.